■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRACY HARRIS, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Goodman, J.), rendered July 12, 1985, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress certain statements to police officers and identification testimony.

Ordered that the judgment is affirmed.

The defendant claims that the People failed to prove at the *Huntley* hearing (1) that he was properly advised of his *Miranda* rights, and (2) that he knowingly and voluntarily waived those rights before making an incriminating statement to Police Officer Campo. However, the testimony of Police Officer Campo that he read the *Miranda* rights to the defendant verbatim from a card and that the defendant indicated that he understood these rights and did not request an attorney is sufficient to establish that the defendant was properly advised of his rights *(see, People v Gonzalez,* 55 NY2d 720, *cert denied* 456 US 1010).

Further, the absence of testimony concerning an express waiver of rights before the defendant gave his statement is attributable to the defendant's failure to raise this issue as a ground for suppression. In any event, under all the circumstances of this case, a waiver may be fairly implied *(see, People v Dunwoody,* 89 AD2d 569, 570). In light of these determinations, the defendant's argument that his subsequent written statement given to another police officer was tainted by a continuation of unlawful interrogation is also without merit.

The defendant's challenge to the identification procedures is similarly unavailing. The record demonstrates that neither the photographic arrays, from which the defendant was not selected, nor the lineup, from which the victim of this robbery selected the defendant, was unduly suggestive. Thus, there

was no evidence of police conduct so suggestive and conducive to irreparable misidentification as to deny the defendant due process of law *(see, Manson v Brathwaite,* 432 US 98, 107; *Neil v Biggers,* 409 US 188). Accordingly, that branch of the defendant's motion which was to suppress the identification testimony was properly denied. Mangano, J. P., Thompson, Bracken and Spatt, JJ., concur.