■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY WOODS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered September 3, 1986, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant, a 25-year-old-man and second violent felony offender, robbed a cab driver at gunpoint. The defendant was observed by a police officer fleeing the cab with the gun. The police officer and cab driver pursued the defendant to a nearby building, where he was apprehended by the pursuing officer and two other officers. The gun used in the robbery which was a BB gun, was recovered in the building. A coparticipant in the robbery was never apprehended.

The defendant's testimony at the *Huntley* hearing that his inculpatory statement was the product of coercion was contra-

dicted by the testimony of the arresting officer, and that of the interrogating officer, which created a question of credibility for the hearing court, whose findings should not be disturbed absent a showing that they are clearly erroneous *(see, People v Armstead,* 98 AD2d 726; *People v Vail,* 90 AD2d 917).

The voluntariness of a confession must be assessed in light of the totality of the surrounding circumstances *(see, People v Anderson,* 42 NY2d 35). At bar, the defendant's confession was the product of a relatively short interrogation and his treatment at the hospital had no relation to the voluntariness of his confession. The conflicting testimony created an issue of credibility which the hearing court resolved in favor of the People's witnesses *(see, People v Armstead, supra; People v Vail, supra).*

The sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80, 83). Bracken, J. P., Kunzeman, Rubin and Spatt, JJ., concur.