■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE SCHERIFI, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered April 11, 1986, convicting him of burglary in the second degree (two counts), criminal possession of stolen property in the second degree, grand larceny in the third degree, criminal possession of stolen property in the third degree and petit larceny, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People, we find that it was legally sufficient to support the defendant's conviction *(see, People v Contes,* 60 NY2d 620). Moreover, upon the exercise of our factual review power we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant argues that his arrest was not based on probable cause. This argument must be rejected. Initially, it must be noted that the defendant did not raise this argument before the hearing court and thus, it has not been preserved for appellate review *(People v Martin,* 135 AD2d 836). In any event, this argument is without merit. The record indicates that one Mason Peffer was arrested on November 23, 1984 for burglary, and told the police that "he did burglaries with [the defendant] George Scherifi". Under these circumstances, the subsequent arrest of the defendant was proper, since the

statement of an accomplice which implicates another individual constitutes probable cause to arrest the latter *(People v Berzups,* 49 NY2d 417; *People v White,* 109 AD2d 859, 860).

The defendant further argues that his warrantless arrest, in his girlfriend's room, violated his Fourth Amendment rights. This argument is also unpreserved for appellate review *(see, People v Murriel,* 134 AD2d 623, 624). In any event, the record supports the determination of the hearing court that the defendant consented to the arresting officer's entry. Finally, the record supports the hearing court's determination that the defendant intelligently and voluntarily waived his *Miranda* rights *(see, People v Prochilo,* 41 NY2d 759, 761; *People v Gee,* 104 AD2d 561).

The defendant's remaining arguments, including those raised in his supplemental *pro se* brief, are either unpreserved for appellate review or without merit *(see,* CPL 470.05 [2]; *People v Vails,* 43 NY2d 364, 368-369; *People v Maerling,* 46 NY2d 289, 302-303; *People v Nieves,* 133 AD2d 234, 235; *People v James,* 111 AD2d 254, 255; *People v Gabler,* 129 AD2d 733; *People v Singleton,* 121 AD2d 752; CPL 200.50 [6]). Mangano, J. P., Brown, Eiber and Harwood, JJ., concur.