■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN HASSELL, Appellant.—Appeal by the defendant from a judgment of the County Court, Orange County (Pano Z. Patsa-

los, J.), rendered September 9, 1988, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

During questioning of the defendant, the investigator from the District Attorney's office informed him that the blood found on his pants had been analyzed and found to be the same type as that of the victim. This was untrue. Although the blood had been analyzed, and subsequently was found to match the blood of the victim, the results were not yet available at the time that the investigator spoke to the defendant. The use of deception and trickery by the police "need not result in involuntariness without some showing that the deception was so fundamentally unfair as to deny due process" (People v Tarsia, 50 NY2d 1, 11; People v Jackson, 140 AD2d 458; People v Burnett, 99 AD2d 786). We find that the ruse employed by the investigator in this case did not render the defendant's statements involuntary (see, People v Tarsia, supra; People v Madison, 135 AD2d 655, affd 73 NY2d 810). Further, the defendant was subject to continuous questioning from the time he was first read his rights, and therefore, additional warnings were unnecessary (see, People v Starks, 139 AD2d 681, 682; People v Glinsman, 107 AD2d 710, cert denied 472 US 1021).

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

We have considered the defendant's remaining contentions, including those raised in his supplemental pro se brief, and find them to be unpreserved for appellate review or without merit. Thompson, J. P., Sullivan, Harwood and Balletta, JJ., concur.