■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLENN JENKINS, Appellant. [605 NYS2d 118] —Appeal by the defendant from (1) a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered April 22, 1991, convicting him of criminal sale of a controlled substance in the third degree under Indictment No. 12515/90, upon a jury verdict, and (2) an amended judgment of the same court, also rendered April 22, 1991, revoking a sentence of probation previously imposed by the same court, upon a finding that he had violated a condition thereof, upon his admission, and imposing a sentence of imprisonment upon his previous conviction of criminal possession of a weapon in the third degree under Indictment No. 4687/88.

Ordered that the judgment and the amended judgment are affirmed.

A defendant asserting a claim of unlawful discrimination under *Batson v Kentucky* (476 US 79), bears the initial burden of demonstrating, *inter alia,* "facts and other relevant circumstances sufficient to raise an inference that the prosecution used its peremptory challenges to exclude potential jurors because of their race" *(People v Childress,* 81 NY2d 263, 266; *Batson v Kentucky, supra,* at 96-98; *see also, People v Smith,* 81 NY2d 875, 876). We find that no such demonstration was made. Although the prosecutor employed 6 of her 12 peremptory challenges against black venirepersons and 1 against an Hispanic venireperson, this pattern was insufficient to establish a pattern of discrimination against either blacks or Hispanics under the circumstances of this case *(see, People v Childress, supra,* at 267). No other facts are advanced by the defendant. The mere exercise of peremptory challenges here, standing alone, is insufficient to establish a "pattern of purposeful exclusion sufficient to raise an inference of discrimination" *(People v Steele,* 79 NY2d 317, 325; *cf., People v Bennett,*

186 AD2d 812 [64% of black venirepersons excluded through use of peremptory challenges]). We therefore conclude that the *Batson* objection was properly overruled, and note that six blacks were ultimately seated on the jury.

We have examined the defendant's remaining contentions and find them to be without merit *(see, People v Arce,* 42 NY2d 179; *People v Ashwal,* 39 NY2d 105; *People v Ayala,* 165 AD2d 878; *People v O'Connor,* 154 AD2d 626; *People v Suitte,* 90 AD2d 80). O'Brien, J. P., Copertino, Pizzuto and Santucci, JJ., concur.