■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN BUTLER, Appellant. [608 NYS2d 263] —Appeal by the defendant from a judgment of the County Court, Nassau County (Orenstein, J.), rendered June 25, 1992, convicting him of murder in the second degree (two counts) and attempted robbery in the first degree (six counts), upon a jury verdict, and imposing sentence. This appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement authorities.

Ordered that the judgment is affirmed.

On the evening of December 6, 1990, the defendant and four accomplices ambushed two men in the stairwell of an apartment building in order to take their shearling coats. During the attempted robbery, one of the defendant's accomplices fatally shot one of the victims. The other victim escaped and subsequently testified against the perpetrators.

The record supports the hearing court's conclusion that the defendant waived his constitutional rights after they were administered to him from a card (see, People v Gonzalez, 55 NY2d 720, cert denied 456 US 1010; People v Harris, 137 AD2d 619). None of the defendant's contentions warrant a finding that his statements were made as a result of false promises of favorable treatment (see, People v Sumeriski, 119 AD2d 999), and any deception by the police was not so fundamentally unfair as to have denied the defendant due process (see, People v Tarsia, 50 NY2d 1; People v Hassell, 180 AD2d 819, 820).

The hearing court properly found that the police had probable cause to arrest the defendant based upon the statements of the surviving victim and one of the defendant's accomplices, both of whom named him as a perpetrator *(see, People v Berzups,* 49 NY2d 417; *People v Burton,* 194 AD2d 683; *People v Pagan,* 184 AD2d 738; *People v Scherifi,* 147 AD2d 663, 664).

Viewing the evidence in the light most favorable to the defendant, he failed to show by a preponderance of the evidence that he had no reasonable grounds to believe that his accomplices were armed. Therefore, the trial court did not err when it denied his request for a charge pursuant to Penal Law § 125.25 (3) *(see, People v Simmons,* 143 AD2d 857; *People v Brailsford,* 106 AD2d 648; *see generally, People v Lewis,* 160 AD2d 815, 816; *People v Johnson,* 169 AD2d 498, 499-500).

Viewing the evidence adduced at trial in a light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it is legally sufficient to support all of the counts of which the defendant was convicted.

We have reviewed the defendant's remaining contentions and find that they are either without merit or do not warrant reversal. Balletta, J. P., Santucci, Krausman and Florio, JJ., concur.