■ The People of the State of New York, Respondent, v Joseph Darvie, Appellant. [637 NYS2d 762] —Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Colabella, J.), rendered January 7, 1994, convicting him of murder in the second degree (two counts) and criminal possession of a weapon in the second degree, after a nonjury trial, and imposing concurrent sentences of 25 years to life imprisonment for the defendant's convictions of murder in the second degree and a consecutive sentence of 5 to 15 years imprisonment for the defendant's conviction of criminal possession of a weapon in the second degree. The appeal brings up for review the denial, after a hearing, of the branch of the defendant's omnibus motion which was to suppress his statement to the police.

Ordered that the judgment is modified, on the law, by directing that all of the sentences shall be served concurrently with one another; as so modified, the judgment is affirmed.

The defendant's contention that his statement to the police was made as a result of improper false promises of favorable treatment and police deception and trickery is not established by the record. Before obtaining the defendant's confession, the police failed to correct his erroneous notion that, although he committed a murder in Westchester County, there was a possibility that he would be incarcerated at Rikers Island, where the victim had been a correction officer. The defendant may have thought that he was receiving favorable treatment from the police when they confirmed that he would be imprisoned in the Westchester County jail. However, this technique was not so fundamentally unfair as to deny the defendant due process *(see, People v Tarsia,* 50 NY2d 1, 11; *People v Ingram,* 208 AD2d 561; *People v Butler,* 201 AD2d 662; *People v Foster,* 193 AD2d 692, 693; *People v Hassell,* 180 AD2d 819, 820). Moreover, the conduct of the police in this instance did not render the defendant's confession involuntary *(see, People v Butler, supra; People v Foster, supra; People v Hassell, supra,* at 820).

The defendant contends and the People correctly concede that the sentencing court erroneously imposed consecutive terms of imprisonment. The defendant's convictions of murder in the second degree and criminal possession of a weapon in the second degree are related to one inseparable event—the defendant's shooting of the victim—and are the result of a single act (see, People v Walsh, 44 NY2d 631, 635; People v Wallace, 152 AD2d 713). Since the defendant's convictions arise from a single act, the sentences imposed thereon must be concurrent (see, e.g., People v Day, 73 NY2d 208, 210; People v Miller, 170 AD2d 623).

Finally, the defendant's sentence is not excessive (see, People v Suitte, 90 AD2d 80). Sullivan, J. P., Santucci, Friedmann and Krausman, JJ., concur.