■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VERONICA SULLIVAN, Appellant. [638 NYS2d 116] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Fisher, J.), rendered April 26, 1994, convicting her of murder in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of the branches of the defendant's omnibus motion which were to suppress physical evidence and her statements to law enforcement authorities.

Ordered that the judgment is affirmed.

The defendant contends that her statement to the police at the station house should have been suppressed because it was the product of a custodial interrogation and because she was not informed of her *Miranda* rights prior to making it. We disagree.

The standard for analyzing whether a pre-*Miranda* statement was the product of a custodial interrogation is whether "a reasonable person in the defendant's position, innocent of any crime, would have believed he was free to leave the presence of the police" *(People v Bailey,* 140 AD2d 356, 358; *see, People v Yukl,* 25 NY2d 585, *cert denied* 400 US 851; *People v Centano,* 76 NY2d 837; *People v Hicks,* 68 NY2d 234). The voluntariness of a confession is to be determined by examining the totality of the circumstances surrounding it *(see, People v Sohn,* 148 AD2d 553, 556; *People v Woods,* 141 AD2d 588). The factors to be considered include the amount of time the defendant spent with the police; how her freedom was restricted, if at all; the location and atmosphere of the questioning; the degree of cooperation that the defendant exhibited; whether she was apprised of her constitutional rights; and whether the questioning was investigatory or accusatory in nature *(see, People v Tankleff,* 199 AD2d 550, *affd* 84 NY2d 992; *People v Bailey, supra,* at 358). The record in this case reveals that the defendant was not in custody when she made her inculpatory statement.

It is well settled that the use of deception and trickery by the police "need not result in involuntariness without some showing that the deception was so fundamentally unfair as to deny due process" *(People v Tarsia,* 50 NY2d 1, 11; *People v Hassell,* 180 AD2d 819, 820; *People v Jackson,* 140 AD2d 458; *People v Burnett,* 99 AD2d 786). Even though there was some measure of guile employed by the police in this case, the ruse did not render the defendant's statement involuntary *(see, People v Tarsia, supra,* at 11; *People v Hassell, supra; People v Madison,* 135 AD2d 655, *affd* 73 NY2d 810).

The defendant's sentence is not excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are without merit. Sullivan, J. P., Santucci, Friedmann and Krausman, JJ., concur.