■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEAN PENICK, Appellant. [645 NYS2d 73] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Slavin, J.), rendered February 6, 1992, convicting him of robbery in the first degree and tampering with a witness in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to establish a violation of the rule of *Batson v Kentucky* (476 US 79). Defense counsel's perfunctory statement that the prosecutor had used five peremptory challenges to strike black venire persons at the end of the first round did not, standing alone, make out a prima facie case under *Batson* (*see, People v Childress,* 81 NY2d 263; *People v Smith,* 81 NY2d 875; *People v Steele,* 79 NY2d 317; *People v Mathews,* 201 AD2d 588; *People v Jenkins,* 199 AD2d 417).

The defendant's contention that the prosecutor's opening statement was prejudicial is not preserved for appellate review. The court effectively sustained defense counsel's first objection to the prosecutor's remarks, and promptly stopped the prosecutor from continuing with the line of argument objected to, even before defense counsel made his second objection. Absent any request from the defendant for further or more complete instructions, it is presumed that the defendant was satisfied with the instructions given by the court (*see, People v Santiago,* 52 NY2d 865).

Moreover, the defendant's motion for a mistrial upon the ground that the prosecutor's comments were prejudicial was made after both the prosecutor and all defense attorneys had completed their opening statements, and after the People's first witness had testified. Consequently, the mistrial motion was untimely (*see, People v De Mauro,* 48 NY2d 892; *People v Smith,* 121 AD2d 754).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Miller, J. P., Pizzuto, Santucci and Hart, JJ., concur.