■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PIERROT COGGINS, Appellant. [651 NYS2d 572] —Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered April 11, 1994, convicting him of criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence and his statements to the police.

Ordered that the judgment is affirmed.

The defendant contends that he was entitled to an adverse inference charge because the People failed to provide to the defense a tape containing communications between police officers and a police department dispatcher. We disagree. According to the prosecutor, the tape had been destroyed by the police as a matter of due course. However, a copy of the log book entry regarding those communications was provided to the defense. There is no evidence of any bad faith on the part of the People. Moreover, the defendant failed to demonstrate any prejudice. Accordingly, the court did not improvidently exercise its discretion in failing to give an adverse inference charge (*see, People v Martinez,* 71 NY2d 937, 940; *People v Gibbs,* 211 AD2d 641; *People v Grice,* 203 AD2d 587).

The defendant further contends that his pre-*Miranda* statements to the police should have been suppressed as the product of a custodial interrogation. We disagree. The standard for analyzing whether a pre-*Miranda* statement was the product

of a custodial interrogation is whether "a reasonable person in the defendant's position, innocent of any crime, would have believed he was free to leave the presence of the police" (*People v Bailey*, 140 AD2d 356, 358; *see, People v Yukl*, 25 NY2d 585, *cert denied* 400 US 851; *People v Centano*, 76 NY2d 837; *People v Hicks*, 68 NY2d 234). The voluntariness of a confession is to be determined by examining the totality of the circumstances surrounding the confession (*see, People v Sohn*, 148 AD2d 553, 556; *People v Woods*, 141 AD2d 588). The factors to be weighed include the amount of time the defendant spent with the police, the manner, if any, in which his freedom was restricted, the location and atmosphere of his questioning, the degree of cooperation which he exhibited, whether he was apprised of his constitutional rights, and whether the questioning was investigatory or accusatory in nature (*see, People v Bailey, supra*).

In this case, the suppression hearing record shows that the defendant voluntarily spoke with the police officers on the street. He was not handcuffed or physically restrained and was not instructed to stop. The questioning was investigatory, not accusatory or continuous. Given these facts, we find that the defendant's interrogation was noncustodial since an ordinary person in his position, innocent of any crime, would think he was free to go (*see, People v Tankleff*, 84 NY2d 992; *People v Sullivan*, 224 AD2d 460).

The defendant's remaining contentions are without merit. Sullivan, J. P., Krausman, Florio and McGinity, JJ., concur.