■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL SERRANO, Appellant. [668 NYS2d 172] —Judgment, Supreme Court, New York County (Thomas Galligan, J.), rendered June 30, 1994, convicting defendant, after a jury trial, of murder in the second degree, six counts of robbery in the first degree, nine counts of burglary in the first degree, and criminal possession of a weapon in the second degree, and sentencing him to an aggregate term of 25 years to life, unanimously affirmed.

The record indicates that the trial court adequately protected defendant's interests at in camera, *ex parte* proceedings to determine whether the search warrant was properly issued and whether denial of disclosure was appropriate in the circumstances (*see, People v Castillo*, 80 NY2d 578, *cert denied* 507 US 1033; *People v Seychel*, 136 Misc 2d 310). In this connection, the record supports the court's finding, following in camera review of the search warrant and supporting affidavit, of facial probable cause based on nonperjurious information. Further, the court properly concluded, following in camera, *ex parte* inquiry that included sworn testimony by an Assistant District Attorney who was present when the warrant was issued and who was familiar with ongoing investigations involving the confidential informant, that disclosure would jeopardize the informant's life and/or the integrity of ongoing investigations (CPL 240.50 [1]). Review of the search warrant affidavit supports the court's ruling that redaction of portions of the

document to protect the identity of the confidential informant would destroy any value the document might have for the purpose of defendant's motion. Finally, the court properly ruled that there was no need to examine the confidential informant because the informant had already been produced before the issuing Magistrate, who was able to establish that individual's existence and reliability (*People v Rodriguez*, 182 AD2d 439, *lv denied* 81 NY2d 793, *cert denied* 510 US 831; *People v Carpenito*, 171 AD2d 45, 50, *affd* 80 NY2d 65).

The search warrant application complied with the constitutional oath or affirmation requirement, as codified under CPL 690.35 (1), inasmuch as it was in writing and subscribed and sworn to by a public servant, and there was adequate safeguard against rendition of false information by the confidential informant (*see, People v Brown*, 40 NY2d 183, 188).

The record fails to support defendant's claim that the statutory recording requirement, as set forth in CPL 690.40 (1), was violated. Since there is no substantial evidence to the contrary, defendant has failed to overcome the presumption of regularity, which herein presumes that the issuing magistrate would not act contrary to official duty, or omit anything that official duty requires to be done (*People v Dominique*, 90 NY2d 880). In this connection, the absence of the *ex parte* proceeding minutes, by itself, does not rebut the presumption of regularity (*People v Lopez*, 97 AD2d 5).

We have reviewed defendant's remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Ellerin, Nardelli, Rubin and Tom, JJ.