OPINION OF THE COURT
 

 Levine, J.
 

 Defendant was convicted of killing the occupant of an apartment on New York City’s Lower East Side while robbing him of a large quantity of marihuana. Two photographs were introduced in evidence by the prosecution. The first showed him on some other occasion posing with the other suspect in the robbery homicide. The second depicted him also at another date, holding a black, long-barreled handgun which a witness testified resembled the weapon defendant threatened him with at the crime scene just before the victim was shot. The photographs were seized pursuant to a search warrant for the home of defendant’s mother issued by a Justice of the Supreme Court. The warrant recited that it was based on the affidavit of the applicant police officer, and upon his testimony and the testimony of an unnamed confidential informant before the issuing Justice.
 

 When defendant moved for suppression of the evidence, the People applied for a protective order sealing the warrant and supporting affidavit on the ground that they would reveal the identity of the confidential informant and thereby pose a serious risk to his life (see, CPL 240.50 [1]). The suppression court
 
 *76
 
 held an ex parte in camera hearing, at which only the Assistant District Attorney who presented the warrant application to the issuing Justice testified. He confirmed that the Justice had questioned the confidential informant, the transcript of which was unavailable at that point in time because of the illness of the court reporter. The Assistant District Attorney also described the urgency of maintaining the absolute secrecy of the informant’s identity. The court granted the protective order, finding that the affidavit and warrant could not be revealed to defendant, even in redacted form, without jeopardizing the informant’s safety.
 

 The court denied defendant’s motion to suppress, holding that the warrant affidavit itself established probable cause and therefore, suppression could be denied without either examining the informant personally, or examining the transcript of his testimony before the issuing Justice. The Appellate Division (246 AD2d 430) affirmed the conviction, agreeing that the warrant affidavit established probable cause to issue the warrant. A Judge of this Court granted leave to appeal.
 

 Of the various claims defendant raises on this appeal, only two merit extended discussion. The first is that the suppression court erred in failing to hold a Darden-type hearing on his motion to suppress (see,
 
 People v Darden,
 
 34 NY2d 177), in which the confidential informant would have been produced before the court for in camera examination to demonstrate his actual existence and credibility. Defendant contends that
 
 People v Castillo
 
 (80 NY2d 578) requires such a hearing in all cases where the court denies a defendant access to the search warrant and supporting affidavits. We disagree.
 

 While it is true that in
 
 Castillo,
 
 the informant was produced and questioned before the suppression court even though he had testified before the issuing Magistrate, that case does not hold that such a procedure is invariably necessary whenever the search warrant papers are sealed. To the contrary,
 
 Castillo
 
 states that where the suppression court has before it the warrant papers and the transcript of the informant’s testimony before the issuing Judge, “[t]he court [is] left with the
 
 relatively uncomplicated task
 
 of deciding whether, based on [the warrant papers and testimony] * * *, the issuing Judge reasonably could have concluded that probable cause existed”
 
 (People v Castillo,
 
 80 NY2d, at 585,
 
 supra
 
 [emphasis supplied]). This clearly contravenes defendant’s reading of
 
 Castillo
 
 as always requiring a
 
 Darden
 
 hearing when a defendant has been denied discovery of the identity of the informant
 
 *77
 
 and of the warrant application papers. Moreover, in
 
 Castillo,
 
 as the Appellate Division observed, one reason the informant was brought before the suppression court was to disprove “the defense claim that the warrant was tainted by a prior illegal entry”
 
 (People v Castillo,
 
 176 AD2d 609, 610). No such circumstance exists in this case.
 

 Furthermore, the reasons for requiring a
 
 Darden
 
 hearing do not apply in this case. Such a hearing is required “where there is insufficient evidence to establish probable cause apart from the testimony of the arresting officer as to communications received from an informer”
 
 (People v Darden,
 
 34 NY2d, at 181,
 
 supra; People v Adrion,
 
 82 NY2d 628, 633). The purpose of a
 
 Darden
 
 hearing is “to protect against the contingency, of legitimate concern to a defendant, that the informer might have been wholly imaginary and the communication from him entirely fabricated”
 
 (People v Darden,
 
 at 182,
 
 supra; People v Adrion,
 
 at 633,
 
 supra).
 

 Where, as here, however, the informant had appeared and given testimony before the Magistrate who issued the search warrant, verification of the existence of the informant, and of what was told to the police, will have already been achieved and need not be duplicated before the suppression court
 
 (see, People v Salgado,
 
 57 NY2d 662;
 
 People v Carpenito,
 
 171 AD2d 45, 50,
 
 affd
 
 80 NY2d 65, 68). Again,
 
 People v Castillo (supra)
 
 is not to the contrary. Indeed,
 
 Castillo
 
 (80 NY2d, at 585,
 
 supra)
 
 cited with approval
 
 People v Rodriguez
 
 (182 AD2d 439), which held that it was not necessary for a confidential informant to be present at a
 
 Darden
 
 hearing before the suppression court “since he had already been produced before the warrant-issuing Magistrate who was able to establish his existence and reliability”
 
 (id.,
 
 at 440).
 

 We, however, find merit in defendant’s alternative position, namely, that the suppression court erred in failing to examine the transcript of the informant’s testimony before the issuing Justice to determine whether the warrant was issued upon probable cause and that the formal requirements of CPL 690.40 (1) for taking such testimony had been substantially complied with
 
 (see, People v Taylor,
 
 73 NY2d 683).
 
 *
 
 First, contrary to the holdings by the courts below, the search warrant
 
 *78
 
 and supporting affidavit do not by themselves establish probable cause. The supporting affidavit merely avers that the confidential informant described to the affiant his personal observation of drugs and guns in the home of defendant’s mother. There are no factual averments in the affidavit which could have afforded the issuing Justice a basis for determining the reliability of the confidential informant. Thus, the affidavit is deficient in failing to satisfy the first prong of the
 
 AguilarSpinelli
 
 test
 
 (see, Aguilar v Texas,
 
 378 US 108;
 
 Spinelli v United States,
 
 393 US 410), which we continue to apply
 
 (see, People v Griminger,
 
 71 NY2d 635, 639 [warrant application must demonstrate “(i) the veracity or reliability of the source of the information, and (ii) the basis of the informant’s knowledge”]). Since the affidavit did not establish that the informant was reliable, the warrant papers did not alone establish probable cause
 
 (see, People v Martinez,
 
 80 NY2d 549). Thus, the suppression court needed the.transcript of the examination of the informant in order properly to determine that there was probable cause to issue the search warrant
 
 (see, People v Castillo,
 
 80 NY2d, at 585,
 
 supra; People v Taylor,
 
 73 NY2d, at 688,
 
 supra).
 

 Moreover, in upholding the validity of the warrant without reading the transcript of the informant’s testimony, the suppression court failed to determine that there had been substantial compliance with the requirements of CPL 690.40 (1) that his examination by the issuing Justice was “under oath” and “either recorded or summarized on the record by the court.” The suppression court must find that there was substantial compliance with CPL 690.40 (1) in order to provide an “assurance of the regularity of the application process * * * and * * * preservation for appellate review of the grounds upon which a search warrant is issued”
 
 (People v Taylor,
 
 73 NY2d, at 689,
 
 supra).
 
 These salutary objectives of CPL 690.40 (1) were frustrated by the suppression court’s failure to examine the minutes of the informant’s interrogation before the issuing Justice, and to make them part of the record for any appeal that followed.
 

 The only remaining question is the appropriate remedy: reversal and suppression
 
 (see, People v Havelka,
 
 45 NY2d 636) or remittal for a new suppression hearing
 
 (see, People v Crandall,
 
 69 NY2d 459). Here, the latter corrective action is ap
 
 *79
 
 propriate. The record indicates that the suppression court
 
 sua sponte
 
 announced its determination that it could deny suppression without examination of the minutes of the informant’s testimony on the warrant application, before the People were given an opportunity either to attempt to obtain the transcript despite the illness of the reporter, or to establish a basis for a reconstruction of the informant’s testimony (see,
 
 People v Taylor,
 
 73 NY2d, at 690,
 
 supra).
 
 Consequently, the People were “deprived of an opportunity to fully present all the available evidence * * * because the hearing court made an incorrect ruling”
 
 (People v Crandall,
 
 at 463,
 
 supra).
 

 On remittal, if Supreme Court concludes that the warrant was not supported by probable cause or that CPL 690.40 (1) was not substantially complied with, then the judgment of conviction should be vacated and the motion to suppress granted. If, on the other hand, the court concludes that probable cause and compliance with CPL 690.40 (1) were established, then the judgment of conviction should be amended to reflect that result.
 

 Accordingly, the order of the Appellate Division should be modified by remitting to Supreme Court, New York County, for further proceedings in accordance with the opinion herein and, as so modified, affirmed.
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Ciparick, Wesley and Rosenblatt concur.
 

 Order modified, etc.
 

 *
 

 As previously noted, the transcript of the informant’s testimony on the warrant application was initially unavailable due to the illness of the court reporter. Had production of the transcript remained impossible through no fault of the prosecution, it is possible that the deficiency here could have
 
 *78
 
 been cured by establishment of “some reliable basis for reconstructing the informant[’s] testimony” (id., at 690).