■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE BUSH, Appellant. [717 NYS2d 310] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Friedman, J.), rendered February 10, 1998, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

Under the totality of the circumstances, the defendant's statements to the police were voluntary (*see, People v Sohn,* 148 AD2d 553, 556; *People v Woods,* 141 AD2d 588; *People v Anderson,* 42 NY2d 35, 38). Contrary to the defendant's contention, the deception used by the police officers to obtain his statements did not render them involuntary (*see, People v Hassell,* 180 AD2d 819, 820; *People v Ingram,* 208 AD2d 561; *People v Foster,* 193 AD2d 692).

The defendant failed to make a prima facie showing of purposeful discrimination in the prosecutor's exercise of peremptory challenges. The fact that the prosecutor peremptorily challenged three potential jurors of the same race did not constitute a pattern of discrimination (*see, People v Penick,* 229 AD2d 405, citing *People v Childress,* 81 NY2d 263; *People v Jenkins,* 84 NY2d 1001, 1003; *cf., People v Mondello,* 191 AD2d 462).

The defendant's contention that the jury verdict was repugnant on the ground that he was acquitted of murder in the second degree but convicted of criminal possession of a weapon in the second degree was not raised before the discharge of the jury, and thus, his claim is unpreserved for appellate review (*see, People v Satloff,* 56 NY2d 745; *People v Baeza,* 125 AD2d 318; *People v Rivera,* 112 AD2d 327). In any event, the respective crimes contain materially different elements (*see, People v Rivera, supra*).

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review (*see,* CPL 470.05 [2]), or without merit. Bracken, J. P., Thompson, S. Miller and Florio, JJ., concur.