■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN RIVERA, Appellant. [743 NYS2d 306] —Appeal by the defendant from a judgment of the Supreme Court, Richmond County (J. Goldberg, J.), rendered December 4, 1998, convicting him of murder in the second degree, attempted robbery in the first degree (three counts), and assault in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements he made to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the suppression hearing record supports the determination that certain statements he made to the police, after he was read his *Miranda* rights (*see Miranda v Arizona,* 384 US 436), were voluntary (*see People v Williams,* 62 NY2d 285, 287; *People v Huntley,* 15 NY2d 72, 78; *People v Rykaczewski,* 121 AD2d 409). The record supports the hearing court's finding that the defendant's initial conversations with the police, both in the police van and the interview room, were admissible because at the time the statements were made the defendant was voluntarily in police presence and he was considered a possible witness rather than suspect (*see People v Aponte,* 249 AD2d 553; *see generally People v Yukl,* 25 NY2d 585, *cert denied* 400 US 851). The testimony that the police urged the defendant to tell the truth does not render the subsequent statements involuntary (*see People v Rykaczewski, supra*). Moreover, the limited extent to which deception was used by the police officers to obtain the defendant's statements did not render them involuntary (*see People v Bush,* 278 AD2d 334; *People v Foster,* 193 AD2d 692).

The defendant further contends that the People's failure to provide him certain material constituted a *Rosario* violation (*see People v Rosario,* 9 NY2d 286). This claim is without merit. A protective order was issued in this case, thereby precluding the People from disclosing the identity of a witness subject thereto, because disclosure would have jeopardized the witness's life. This determination was properly made by the trial court following an in camera, ex parte inquiry which

included sworn testimony by an assistant district attorney and the detective familiar with the witness. The material at issue would have disclosed the identity of the witness, and, therefore, the People's failure to provide the material to the defendant was not a *Rosario* violation (*see* CPL 240.45 [1] [a]; *People v Serrano,* 246 AD2d 430, *mod on other grounds* 93 NY2d 73). In any event, were we to find a *Rosario* violation, reversal is not warranted where, as here, there is no reasonable possibility that the nondisclosure materially contributed to the verdict (*see* CPL 240.75; *People v Sorbello,* 285 AD2d 88, 94-96).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are without merit. Santucci, J.P., Florio, Smith and Schmidt, JJ., concur.