■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY CHRYSLER, Appellant. [787 NYS2d 365]—

Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J.), rendered September 13, 2000, convicting him of murder in the second degree, conspiracy in the second degree, and conspiracy in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Lipsky,* 57 NY2d 560 [1982]; *People v Curro,* 161 AD2d 784 [1990]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

Contrary to the defendant's contention, the hearing court properly granted the People's motion for a protective order relieving it of the obligation to search approximately one year of recorded conversations taped by the Town of Newburgh Police Department (hereinafter the police department) for possible material under *People v Rosario* (9 NY2d 286 [1961], *cert denied* 368 US 866 [1961]) and *Brady v Maryland* (373 US 83 [1963]; *see* CPL 250.40 [1]; *People v Rivera,* 295 AD2d 455 [2002]; *People v Goldman,* 175 AD2d 723 [1991]). The People's case consisted of testimony from a witness who agreed to act as an informant for the police. Numerous telephone conversations were made between this witness and the police, many of which were recorded by an automatic audio tape-recording system operated by the police department. The People were required to search for

discoverable material for a two-month period, which represented the time leading up to the defendant's arrest, in addition to any and all conversations that could be identified through various records such as lead sheets and notes generated by the police during their investigation. It is uncontroverted that as a result of the People's efforts, thousands of documents and over 240 taped conversations were provided to the defendant.

Contrary to the defendant's contention, the People were not required to search all tapes of every telephone call made to the police department and a protective order was properly issued since the effort to search all tapes would have been unduly burdensome and would have had an adverse impact on the legitimate needs of law enforcement. The tapes, which included close to 200,000 conversations, were identified only by date and time. To search all tapes for *Rosario* material (*see People v Rosario, supra*) and possible *Brady* material (*see Brady v Maryland, supra*) would have required an inordinate expenditure of time and resources. Under the circumstances, we find that good cause was shown and that the hearing court struck an appropriate balance (*see* CPL 250.40 [1]). In any event, there was no reasonable possibility that the nondisclosure materially contributed to the verdict (*see* CPL 240.75; *People v Rivera, supra; People v Sorbello,* 285 AD2d 88, 95 [2001]).

The defendant's remaining contentions are without merit. Florio, J.P., Krausman, Cozier and Mastro, JJ., concur.