[995 NE2d 164, 972 NYS2d 202]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEREK CHISHOLM, Appellant.

Argued May 30, 2013; decided June 27, 2013

### APPEARANCES OF COUNSEL

*Lynn W.L. Fahey, Appellate Advocates*, New York City (*Allegra Glashausser* of counsel), for appellant.

*Richard A. Brown, District Attorney*, Kew Gardens (*Donna Aldea, Robert J. Masters, John M. Castellano* and *Josette Simmons McGhee* of counsel), for respondent.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be modified by remitting to Supreme Court for further proceedings in accordance with this memorandum and, as so modified, affirmed.

Defendant was convicted of multiple drug and weapon possession charges after a search of his home revealed marijuana and two firearms. Before trial, defendant moved to suppress the evidence and to controvert the search warrant, which was based

on the affidavit of a police officer, her testimony, and the oral deposition of a confidential informant who was brought before the issuing magistrate. Defendant also requested a hearing pursuant to *People v Darden* (34 NY2d 177 [1974]). Supreme Court denied defendant's motion based on the warrant papers alone and without reviewing the transcript of the confidential informant's testimony. The Appellate Division affirmed on appeal from the judgment of conviction and sentence, holding that Supreme Court providently exercised its discretion in denying defendant's application for a *Darden* hearing (89 AD3d 859, 860 [2d Dept 2011]).

While the courts below properly determined that defendant was not entitled to a *Darden* hearing (*see People v Serrano*, 93 NY2d 73, 77 [1999]), we agree with defendant that Supreme Court erred by failing to examine the transcript of the confidential informant's testimony before the magistrate to determine whether the search warrant was issued upon probable cause and that the formal requirements of CPL 690.40 (1) had been substantially complied with (*see id.* at 77-78; *People v Taylor*, 73 NY2d 683, 688-690 [1989]).

The search warrant and supporting affidavit do not by themselves establish probable cause in this case (*see People v Serrano*, 93 NY2d at 77-78). A warrant application containing information provided by a confidential informant must demonstrate "the veracity or reliability of the source of the information" (*id.* at 78, quoting *People v Griminger*, 71 NY2d 635, 639 [1988]; *see Spinelli v United States*, 393 US 410 [1969]; *Aguilar v Texas*, 378 US 108 [1964]). There are no "factual averments" in the police officer's affidavit that could have afforded the magistrate a basis for determining the reliability of the confidential informant (*People v Serrano*, 93 NY2d at 78). The affidavit does not state that the informant had a proven "track record" of supplying reliable information in the past (*People v Johnson*, 66 NY2d 398, 403 [1985] [internal quotation marks omitted]), and it is not evident that the informant was under oath when information was given to the officer (*see People v Wheatman*, 29 NY2d 337, 345 [1971], *cert denied sub nom. Marcus v New York*, 409 US 1027 [1972], *reh denied* 409 US 1119 [1973]).

Nor may the reliability of the confidential informant be inferred solely from the statement, set forth in the affidavit, that the informant bought cocaine from defendant. While admissions against penal interest may be sufficient to support a finding of probable cause (*see People v McCann*, 85 NY2d 951, 953

[1995]), "[s]uch admissions are not guarantees of truthfulness and they should be accepted only after careful consideration of all the relevant circumstances of the case indicates that there exists a basis for finding reliability" (*People v Johnson*, 66 NY2d at 403-404).

Here, unlike *People v McCann*, where the informant was a co-defendant, the confidential informant did not provide a "detailed signed statement" that was made "against [the informant's] penal interests, and with the express understanding that making a false written statement was a crime" (85 NY2d at 953). Instead, the officer's affidavit merely avers that the confidential informant told her that cocaine was purchased from defendant at his home on three occasions. While these statements were contrary to the informant's penal interests, the details provided by the informant, other than the location of defendant's home, were not corroborated by the police (*see People v Comforto*, 62 NY2d 725, 727 [1984] [police corroboration of informant's statement contrary to his penal interests "provided a sufficient basis for the magistrate to conclude that the tip was credible"]).

Because neither the search warrant nor the supporting affidavit establishes that the informant was reliable, they did not by themselves establish probable cause (*see People v Serrano*, 93 NY2d at 78). Thus, Supreme Court "needed the transcript of the examination of the informant in order properly to determine that there was probable cause to issue the search warrant" (*id.*).

Moreover, by upholding the validity of the warrant without examining the transcript of the confidential informant's testimony, Supreme Court failed to determine that the magistrate substantially complied with the requirements of CPL 690.40 (1) (*see id.*). This statute provides that in determining a search warrant application, "the court may examine, under oath, any person whom it believes may possess pertinent information. Any such examination must be either recorded or summarized on the record by the court." We have made clear that "[t]he suppression court must find that there was substantial compliance with CPL 690.40 (1) in order to provide an 'assurance of the regularity of the application process and preservation for appellate review of the grounds upon which a search warrant is issued' " (*People v Serrano*, 93 NY2d at 78 [alterations omitted], quoting *People v Taylor*, 73 NY2d at 689).

Accordingly, we remit this matter to Supreme Court to review the transcript of the confidential informant's testimony* and determine whether the warrant was supported by probable cause and that CPL 690.40 (1) was substantially complied with. On remittal, if Supreme Court concludes that the warrant was not supported by probable cause or that CPL 690.40 (1) was not substantially complied with, then the judgment of conviction and sentence should be vacated and the motion to suppress granted. If, on the other hand, the court concludes that probable cause and compliance with CPL 690.40 (1) were established, then the judgment should be amended to reflect that result.

SMITH, J. (dissenting). In my view, the affidavit submitted in support of the search warrant was sufficient, without testimony from the confidential informant, to support a finding of probable cause and thus to justify the warrant's issuance. I would therefore hold it unnecessary for Supreme Court to examine the transcript of the informant's testimony, and would affirm the Appellate Division's order.

Under the so-called *Aguilar-Spinelli* test, an application for a warrant based on information from an undisclosed informant must show both the informant's veracity or reliability and the basis of his or her knowledge (*Aguilar v Texas*, 378 US 108, 114 [1964]; *Spinelli v United States*, 393 US 410, 416 [1969]). This two-pronged test, though abandoned by the federal courts (*Illinois v Gates*, 462 US 213, 238 [1983]), remains the law of New York (*People v Griminger*, 71 NY2d 635, 639 [1988]). Here, there is no dispute that the affidavit stated the basis for the informant's knowledge; the issue is whether it sufficiently showed his veracity or reliability.

We held in *People v McCann* (85 NY2d 951, 953 [1995]) that the reliability of an informant could be inferred from "a detailed signed statement" made "against his own penal interests, and with the express understanding that making a false written statement was a crime." The statement here was against the informant's penal interests, and it was detailed, but it was oral

---

* Because Supreme Court denied defendant's motion to suppress the evidence and controvert the warrant without reviewing the transcript of the confidential informant's testimony, remittal to that court is appropriate in this case. However, we are troubled by the People's failure to see that the court reporter at the magistrate's hearing timely produced the transcript as directed by the Appellate Division. We trust that the People will implement procedures to prevent this from reoccurring.

rather than written and did not express the informant's knowledge that a false statement would be criminal. I do not find these distinctions to be decisive.

Some common sense is in order in deciding when to infer that an informant's statements have been shown to be reliable. Where the informant claims to be the customer of a drug dealer, and is admitting to purchasing drugs from the dealer, the informant is essentially confessing to a crime. Of course, the confession is self-serving in that the informant, almost invariably, expects leniency in exchange for the information he supplies. But he cannot get the leniency by supplying false information. His best hope is to prove to the police that he can be trusted. I think these circumstances sufficiently supported an inference that the information provided by the informant here was reliable, and I therefore conclude that the warrant was properly issued.

Chief Judge LIPPMAN and Judges GRAFFEO, READ, PIGOTT, RIVERA and ABDUS-SALAAM concur; Judge SMITH dissents and votes to affirm in an opinion.

Order modified by remitting to Supreme Court, Queens County, for further proceedings in accordance with the memorandum herein and, as so modified, affirmed.