People v Vincent (2023 NY Slip Op 03808)

People v Vincent

2023 NY Slip Op 03808

Decided on July 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
FRANCESCA E. CONNOLLY
CHERYL E. CHAMBERS
JANICE A. TAYLOR, JJ.

2019-01547
 (Ind. No. 1993/17)

[*1]The People of the State of New York, respondent,
v
Ernando Vincent, appellant.

Patricia Pazner, New York, NY (Ryan Miller and Anders Nelson of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, William H. Branigan, and Jonathan E. Maseng of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Barry Kron, J.), rendered May 24, 2018, convicting him of criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial (Gia L. Morris, J.), without a hearing, of that branch of the defendant's omnibus motion which was to controvert a search warrant and to suppress physical evidence seized in the execution thereof.
ORDERED that the judgment is reversed, on the law, that branch of the defendant's omnibus motion which was to controvert the search warrant and to suppress physical evidence seized in the execution thereof is granted, the plea is vacated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings on the indictment.
In January 2017, police officers executed a search warrant at the defendant's apartment and recovered certain physical evidence. The defendant was charged in an indictment with criminal possession of a weapon in the second degree, among other crimes. The defendant entered a plea of guilty to one count of criminal possession of a weapon in the second degree in full satisfaction of the indictment. The defendant appeals from the ensuing judgment of conviction.
The Supreme Court should have granted that branch of the defendant's omnibus motion which was to controvert the search warrant and to suppress physical evidence seized in the execution thereof. In support of the search warrant application, a police officer averred that he was informed by a confidential informant that the informant had observed the defendant with a handgun on three occasions, two of which were when the defendant was leaving the defendant's apartment. As the defendant correctly contends, the police failed to establish that the information given by the confidential informant was reliable (see People v DiFalco, 80 NY2d 693, 696-697; People v Hetrick, 80 NY2d 344, 349). The confidential informant's statement was not under oath or against penal interests, the informant had not demonstrated a "proven track record of supplying reliable information in the past," and the only information given by the informant that the police independently corroborated prior to executing the search warrant was the fact that the defendant lived at the subject apartment and the description of the premises given by the informant (People v Chisolm, 21 NY3d 990, 992-993; see People v Burks, 134 AD2d 604, 605-606).
Accordingly, we reverse the judgment of conviction, grant that branch of the defendant's omnibus motion which was to controvert the search warrant and to suppress physical evidence seized in the execution thereof, vacate the plea, and remit the matter to the Supreme Court, Queens County, for further proceedings on the indictment.
LASALLE, P.J., CONNOLLY, CHAMBERS and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court