■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEAN TALLEY, Appellant. [682 NYS2d 870] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dunlop, J.), rendered October 17, 1996, convicting him of burglary in the first degree (three counts), rape in the first degree (two counts), attempted rape in the first degree (two counts), burglary in the second degree (two counts), attempted burglary in the second degree (two counts), sexual abuse in the first degree, assault in the second degree (two counts), criminal mischief in the third degree, and criminal possession of a weapon in the fourth degree (four counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

We agree with the hearing court that the police were justified in stopping the defendant and detaining him until the arrival of a witness, who then identified the defendant (*see, People v Hicks,* 68 NY2d 234). The witness's unequivocal on-the-scene identification of the defendant gave the officers probable cause to arrest him (*see, People v Williams,* 150 AD2d 410).

The defendant's remaining contentions are without merit. Bracken, J. P., Copertino, Thompson and McGinity, JJ., concur.