■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS WILLIAMS, Appellant. [708 NYS2d 875] —Appeal by the defendant from a judgment of the County Court, Westchester County (Berry, J.), rendered May 9, 1996, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant correctly contends that the investigating detectives initially falsely advised him that they were inquiring about a robbery, rather than a homicide, and he therefore voluntarily went to the station house to be photographed. However, since no promises or threats were made and the defendant was not in custody, this deception was not so fundamentally unfair as to render the defendant's subsequent statements involuntary (*see, People v Tankleff,* 84 NY2d 992; *People v Tarsia,* 50 NY2d 1, 11; *People v Louis,* 239 AD2d 435).

The defendant contends that the People failed to prove his guilt by legally sufficient evidence because there were no eyewitnesses or forensic evidence connecting him to the crime. The defendant's claims, raised for the first time on appeal, are unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245; *People v Gray,* 86 NY2d 10). In any event, viewing the evidence in the light most favorable to the

People (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless it is clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

Viewing the evidence, the law, and the circumstances of the case, in totality and at the time of representation, the defense counsel provided meaningful representation (*see, People v Ellis,* 81 NY2d 854; *People v Grainger,* 215 AD2d 585).

The defendant's sentence was neither harsh nor excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are unpreserved for appellate review, and, in any event, are without merit (*see,* CPL 470.05 [2]; *People v Ford,* 62 NY2d 275). O'Brien, J. P., S. Miller, Friedmann and Smith, JJ., concur.