◼ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v FREDDIE WALLS and ROY MACK, Respondents. [714 NYS2d 743] —Appeal by the People from an order of the Supreme Court, Queens County (Browne, J.), dated July 1, 1999, which upon granting the defendants' respective motions for reargument, vacated a prior order of the same court, dated March 12, 1999, denying those branches of the defendants' respective omnibus motions which were to suppress identification testimony, and granted those branches of the motions.

Ordered that the order dated July 1, 1999, is reversed, on the law, the motions for reargument are denied, the order dated March 12, 1999, is reinstated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

The People established that the police had reasonable suspicion to stop and detain the defendants (*see,* CPL 140.50). Their physical appearances and clothing fit a general description of the two attackers provided by the complainant, and

they were observed together around the block from the crime scene. Although two hours had elapsed since the crime, the police were aware that the complainant saw the attackers in the neighborhood approximately 30 minutes before the stop (*see, People v Brown,* 254 AD2d 88; *People v Ellison,* 222 AD2d 693).

The complainant drove up while the stop was in progress and identified the defendants, thereby providing the police with probable cause to arrest the defendants (*see, People v Williams,* 272 AD2d 485; *People v Talley,* 256 AD2d 600). The identification procedure was not unduly suggestive. Accordingly, the Supreme Court's original determination in the order dated March 12, 1999, denying the defendants' motions to suppress the identification testimony was proper.

The Supreme Court erred in determining, upon the motion to reargue, that the defendants were under arrest before the complainant arrived on the scene. Under the circumstances, a reasonable person, innocent of any crime, would not have thought he was under arrest (*see, People v Hicks,* 68 NY2d 234; *People v Yukl,* 25 NY2d 585, *cert denied* 400 US 851). The defendants were not handcuffed or questioned about the crime, and they were only briefly detained before the complainant arrived. Since the initial stop of the defendants was not an arrest, the prosecution was not required to establish that the information on which the stop was based constituted probable cause (*see, People v Hicks, supra*). The Supreme Court therefore erred in vacating its prior order and determining that the identification was the product of an illegal arrest.

The defendants' remaining contentions are without merit. O'Brien, J. P., Altman, Krausman and Goldstein, JJ., concur.