■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN RIVERA, Appellant. [728 NYS2d 446] —Judgment, Supreme Court, New York County (Ira Beal, J., at suppression hearing; Mary McGowan Davis, J., at non-jury trial and sentence), rendered December 2, 1998, convicting defendant of criminal possession of a weapon in the second and third degrees, and sentencing him to concurrent terms of 2½ to 5 years and 1½ to 3 years, respectively, unanimously affirmed.

Defendant's motion to suppress his statement to the police was properly denied. There is no basis upon which to disturb the court's credibility determinations, which are supported by the record. The hearing court correctly found that defendant's questioning was not custodial where defendant voluntarily accompanied the police to the station, was not handcuffed, was left alone at the station house for a period of time unguarded and unrestrained, and was not subjected to lengthy, coercive or accusatory questioning. In sum, based on the totality of these factors, a reasonable person in defendant's position, innocent of any crime, would have believed he was free to leave the presence of the police (*People v Yukl*, 25 NY2d 585, 589, *cert denied* 400 US 851; *People v Walker*, 181 AD2d 636, *lv denied* 79 NY2d 1055; *People v Centano*, 153 AD2d 494, *affd* 76 NY2d 837).

Moreover, since no promises or threats were made and defendant was not in custody, the deception employed by the police was not so fundamentally unfair as to render defendant's subsequent statements involuntary, or to deny him due process (*see, People v Tarsia*, 50 NY2d 1, 11; *People v Williams*, 272 AD2d 485, *lv denied* 95 NY2d 873; *People v Sullivan*, 224 AD2d 460, *lv denied* 88 NY2d 995; *see also, People v Tarleton*, 184 AD2d 463, *lv denied* 80 NY2d 910). We also note that as soon as defendant began to incriminate himself, he received *Miranda* warnings. Concur—Nardelli, J. P., Mazzarelli, Ellerin, Saxe and Buckley, JJ.