THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHANE M. TOWSLEY, Appellant. [862 NYS2d 236]—

Appeal from a judgment of the Oswego County Court (Walter W. Hafner, Jr., J.), rendered September 19, 2006. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree, grand larceny in the third degree and criminal mischief in the fourth degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of burglary in the second degree (Penal Law § 140.25 [2]) and related offenses. As the People correctly concede, County Court's *Sandoval* ruling, pursuant to which the prosecutor was permitted to cross-examine defendant with

respect to a prior youthful offender adjudication, constitutes an abuse of discretion (*see People v Gray*, 84 NY2d 709, 712 [1995]). Reversal is not required, however, because a *Sandoval* error "must be reviewed under the standard applicable to nonconstitutional harmless error," and here the proof of guilt is overwhelming and there is no significant probability that defendant would have been acquitted but for the error (*People v Grant*, 7 NY3d 421, 424 [2006]).

Contrary to the contention of defendant, the court properly refused to suppress his initial statements to the police. As the court properly determined, defendant was not in custody when he made his initial statements to the police and *Miranda* warnings were not required (*see People v Flecha*, 43 AD3d 1385, 1386 [2007], *lv denied* 9 NY3d 990 [2007]). The record establishes that "defendant voluntarily accompanied the police to the station, was not handcuffed, was [permitted to leave the station to smoke a cigarette], and was not subjected to lengthy, coercive or accusatory questioning" (*People v Rivera*, 285 AD2d 385, 385 [2001], *lv denied* 97 NY2d 658 [2001]). Indeed, the police expressly informed defendant that he was not in police custody. We therefore conclude that a reasonable person in defendant's situation, innocent of any crime, would have believed that he or she was free to leave the police station and thus was not in custody (*see generally People v Yukl*, 25 NY2d 585, 589 [1969], *cert denied* 400 US 851 [1970]). The police advised defendant of his *Miranda* rights immediately after he made the initial incriminating statements, and thus the statements made by defendant after waiving those rights also were properly admitted at trial.

The sentence is not unduly harsh or severe. We have considered defendant's remaining contentions and conclude that they are without merit. Present—Hurlbutt, J.P., Martoche, Smith, Green and Pine, JJ.