OPINION OF THE COURT
Acting Chief Judge Simons.
Defendant has been convicted of criminal possession of a controlled substance in the second degree and criminal posses *580 sion of a weapon in the fourth degree. The inculpating evidence was discovered after police executed a warrant based upon information supplied by a confidential informant authorizing a search of his apartment.
After his arrest, defendant sought to inspect the warrant and the supporting documents and to have a hearing to challenge the issuing Judge’s determination that probable cause for the search existed. The court denied discovery and, following an in camera suppression hearing, denied the motion to suppress. Defendant was not afforded the opportunity to see the supporting documents or to participate in the hearing because the court found that disclosure of the informant’s identity and/or statements could compromise the safety of the informant or the integrity of future investigations (see, CPL 240.50). The sealed record, which includes the search warrant and supporting affidavits and the oral testimony heard by the issuing Judge and the suppression court, has been supplied to the Appellate Division and to this Court and an examination of it establishes convincingly that there was support for the determination by the courts below that the warrant was issued upon probable cause, that the documents supporting the warrant were not perjurious and that the affidavit and oral testimony could not be effectively redacted for delivery to defendant without destroying the informant’s anonymity.
Defendant does not challenge in this Court the claimed need for confidentiality; he contends only that a suppression procedure conducted without his participation violates his constitutional right to due process of law and the effective assistance of counsel. The sum of his argument is that regardless of the substantiality of the evidence supporting the warrant or the need for confidentiality, disclosure of the information, if not the identity, of the informant is always required. We conclude that under the circumstances presented in this record, the trial court could, and properly did, deny defendant discovery.
I
On April 6, 1988 police officers searched defendant’s apartment at 611 West 177th Street in New York. The search was authorized by a Supreme Court Justice who approved the warrant after examining the police officer and his affidavit in support of the warrant and after taking the sworn testimony of the confidential informant upon which the officer’s affidavit *581 was based. After issuing the warrant, the Justice ordered the record sealed.
When the police executed the warrant, they found eight pounds of cocaine, a loaded machine gun, two handguns and 100 rounds of automatic ammunition underneath the floorboards of defendant’s bedroom closet. In a cabinet in the dining room they found $28,000 in cash, approximately half of which was in denominations of $20 bills or smaller. Defendant was present during the search and was arrested after the officers discovered the contraband. He was subsequently charged with criminal possession of a controlled substance in the first degree, and three counts of criminal possession of a weapon in the fourth degree. He sought suppression of the narcotics and weapons found in his apartment claiming they were seized pursuant to an unlawful search.
In addition to challenging the sufficiency of the warrant application, defendant also claimed that the search was tainted because of a prior police contact. Defense counsel alleged that defendant’s wife told him that two detectives had come to the apartment on April 5, 1988, the day before the search, and entered the living room without seeking permission to do so. Once inside, the officers showed defendant’s wife a picture of a person they claimed had previously lived in the apartment and asked if she knew where he was. She told them that she did not and that the only people then living in the apartment with her were her husband and her daughter. According to Ms. Castillo, some of the police officers went through the apartment without permission.
Defense counsel claimed that this entry into defendant’s apartment was illegal because it was not authorized by a warrant, was not consensual, and was not supported by exigent circumstances. He also maintained that, but for this illegal entry, there would be no evidence providing probable cause for the warrant authorizing the search conducted the following day. Subsequent to the hearing on the warrant, the suppression court conducted an in camera hearing to determine if the conduct of the officers on April 5 tainted the search on April 6. The evidence presented included the facts that the April 5 search was by officers from another agency, the Drug Enforcement Agency, and that it involved a former tenant. The suppression court found that the two searches were unrelated and that the earlier search had not tainted the latter.
*582 After defendant’s suppression motion was denied, he entered a plea of guilty to criminal possession of a controlled substance in the second degree and one count of criminal possession of a weapon in the fourth degree in satisfaction of the indictment.
II
Defendant has a constitutional right to be free from unreasonable searches (US Const 4th Amend; NY Const, art I, § 12). Evidence acquired by unconstitutional means, as determined at a pretrial suppression hearing, must be excluded at trial (see, Murray v United States, 487 US 533, 536; People v Johnson, 66 NY2d 398). The question presented is whether defendant has an absolute right to take part in such a hearing. Its resolution depends upon a sensitive balancing of a defendant’s right to participate in the defense and society’s need to encourage citizens to participate in law enforcement by granting them anonymity when necessary for their protection (see, Roviaro v United States, 353 US 53, 62; People v Darden, 34 NY2d 177, 181-182).
Analysis starts by focusing on the nature of the proceeding for there is a fundamental difference between a trial to adjudicate guilt or innocence and a pretrial hearing to suppress evidence. The due process requirements for a hearing may be less elaborate and demanding than those at the trial proper (United States v Raddatz, 447 US 667, 679; United States v Williams, 716 F2d 864, 865, cert denied sub nom. Taylor v United States, 467 US 1216; People v Scalza, 76 NY2d 604, 609-610). This is so because, as the Supreme Court has observed, at a pretrial hearing,
" 'we are not dealing with the trial of the criminal charge itself. There the need for a truthful verdict outweighs society’s need for the informer privilege.
Here, however, the accused seeks to avoid the truth. The very purpose of a motion to suppress is to escape the inculpatory thrust of evidence in hand, not because its probative force is diluted in the least by the mode of seizure, but rather as a sanction to compel enforcement officers to respect the constitutional security of all of us under the Fourth Amendment * * * If the motion to suppress is denied, defendant will still be judged upon the untarnished truth.’ ” (McCray v Illinois, 386 US *583 300, 307 [quoting from State v Burnett, 42 NJ 377, 201 A2d 39]; see generally, 1 LaFave, Search and Seizure § 3.3 [g] [2d ed].)
The ability to limit disclosure during trial must be fairly circumscribed where the identity of the informer or the contents of the informer’s communication is relevant and helpful to the defense (see, Roviaro v United States, 353 US 53, 60-61, supra; People v Goggins, 34 NY2d 163, 168-169, cert denied 419 US 1012). Indeed, many of the cases cited by the dissent stand for the unquestioned importance of defendant’s right to participate in his trial. They do not address the requirements for pretrial hearings, however, where the considerations are substantially different. The exclusionary rule is not aimed at safeguarding the truth-seeking process nor is its underlying purpose to redress any injury to the defendant’s privacy. It is a judicially created remedy intended as a means of discouraging police misconduct (see, Stone v Powell, 428 US 465, 486). Accordingly, defendant’s interest in availing himself of the exclusionary rule may, in exceptional circumstances, be subordinated to safety precautions necessary to encourage citizens to participate in law enforcement.
Recognition of this principle is implicit in our holdings that a suppression court can deny disclosure of the identity of an informant (see, People v Darden, 34 NY2d 177, 181, supra; People v Castro, 29 NY2d 324, 326; People v Coffey, 12 NY2d 443, 452-453, cert denied 376 US 916; accord, McCray v Illinois, 386 US 300, 312-313, supra; cf., People v Malinsky, 15 NY2d 86), or deny a defendant’s motion to compel an undercover police officer to testify at a suppression hearing (People v Petralia, 62 NY2d 47, 52-53, cert denied 469 US 852). Indeed, we have even circumscribed a defendant’s participation in pretrial hearings by limiting the right to compel an identified victim to testify at the hearing (see, People v Chipp, 75 NY2d 327, 336-339, cert denied 498 US 833). To be sure, the limitations on disclosure in those cases were only partial, but they establish that a defendant’s interests may be conditioned when necessary to protect those of society.
Moreover, People v Darden (34 NY2d 177, supra) endorsed the principle that when necessary the court may undertake the responsibility of protecting the defendant’s interests by authorizing the suppression court to examine the confidential informant in camera. In order to protect the confidentiality of the informant, we sanctioned a procedure whereby a signifi *584 cant aspect of the inquiry on the motion to suppress is conducted by the court on the defendant’s behalf, without the defendant’s direct participation (see, People v Darden, 34 NY2d, at 181, supra).
Thus, the Darden decision rejects the fundamental premise underlying defendant’s argument, that only through the advocacy of "single-minded counsel for the accused” (citing People v Rosario, 9 NY2d 286, 290, cert denied 368 US 866) can a defendant’s interests at a suppression hearing be adequately protected and that legal issues like probable cause can be determined only on the basis of a record fully available to the defendant. We have already decided that a hearing court may, when necessary to protect a confidential informant, undertake inquiry relevant to the issue of probable cause on the condition that it discharge its duties "with recognition of the special need for protection of the interests of the absent defendant” (People v Darden, 34 NY2d, at 181, supra).
We recently reaffirmed the continued viability of these principles in People v Liberatore (79 NY2d 208). There, the People, to protect the identity of a confidential informant, did not disclose to the defendant a sealed statement by the informant which was part of an application for an eavesdropping warrant. The defendant maintained that this omission violated the statute requiring disclosure of eavesdropping applications to the defense within 10 days of arraignment, and thus required suppression of the eavesdropping evidence. Despite our long tradition of strictly enforcing the technical requirements of the eavesdropping statute (see, e.g., People v Schulz, 67 NY2d 144, 148-149), we refused to order suppression solely on the basis of this omission. In doing so, we stated that even if the information from the informant had contributed to the probable cause for the eavesdropping warrant, it need not necessarily be disclosed to the defendant if there were "other compelling reasons for nondisclosure” (see, People v Liberatore, 79 NY2d, at 216, supra).
This case differs from Darden in two respects. First, here, unlike in Darden, none of the purported factual predicates for probable cause was revealed to defendant. Thus, the hearing court’s assumption of the burden of questioning the search on defendant’s behalf differed in degree, if not in nature, from that sanctioned in Darden. That circumstance is not fatal, however: several intermediate appellate courts have approved ex parte, in camera review of search warrant applications and *585 affidavits, upholding similar orders denying disclosure to defendant (see, People v Rodriguez, 182 AD2d 439; People v Peterson, 159 AD2d 983, lv denied 76 NY2d 794; People v Diaz, 147 AD2d 912, lv denied 73 NY2d 1014; People v Delgado, 134 AD2d 951, Iv denied 71 NY2d 895; see also, United States v Williams, 716 F2d 864, supra). Under the unusual circumstances regarding confidentiality in this case, such procedure was appropriate.
The other difference is that Darden involved a warrantless search, whereas here the search was conducted pursuant to a warrant issued by a Judge who had personally examined the informant. This simplified the suppression court’s review because a presumption of validity attached to the warrant given that a Magistrate had already reviewed the purported basis for the search and determined it to be valid (see, People v Hanlon, 36 NY2d 549, 558-559) and the suppression court had before it a record consisting of the written application and the transcript of the informant’s sworn oral testimony offered in support of the application. Thus, it was not necessary to develop a factual record of the basis for the search. The court was left with the relatively uncomplicated task of deciding whether, based on the warrant application and supporting affidavit along with the informant’s oral testimony, the issuing Judge reasonably could have concluded that probable cause existed (see, People v Hendricks, 25 NY2d 129, 138; People v Rainey, 14 NY2d 35, 38-39). This is precisely the type of inquiry which can be resolved accurately on an ex parte, in camera basis (cf., Alderman v United States, 394 US 165, 182-183 [factual issues too complex to rely wholly on in camera judgment of trial court]).
Although a defendant who does not have access to the information purporting to establish probable cause will be unable to suggest reasons why probable cause was lacking, this fact does not deprive the defendant of due process or the effective assistance of counsel. The importance of a defendant’s input is limited in a suppression hearing because an appellate court does not reevaluate the accuracy of the underlying information; it does "no more than insure that there was a substantial basis for the magistrate’s conclusion that probable cause existed” (see, People v Johnson, 66 NY2d 398, 405, supra).
Concededly, when a court resolves this question without the defendant’s participation it must be particularly diligent and *586 consider all possible challenges that might be raised on the defendant’s behalf, but we authorized the procedure in Darden and defendant offers no persuasive reason why, in the extraordinary cases in which safeguards are required, the court cannot be expected to do a competent job of performing such a straightforward, purely legal task particularly within the ambit of its expertise.
Ill
An examination of the record establishes that the court diligently protected defendant’s rights in the case before us. In determining whether to disclose the informer’s identity or statements, it followed the four-step procedure set forth in People v Seychel (136 Misc 2d 310). In the first step the court reviewed the search warrant to determine whether it alleged probable cause in this case by application of the AguilarSpinelli test (see, People v Griminger, 71 NY2d 635), or whether it was perjurious on its face. If the supporting affidavit had appeared perjurious on its face, the court would have conducted an in camera hearing to determine if the affidavit contained perjury and if it did, would have given the People the choice of turning over the affidavit for a hearing or discontinuing the prosecution (see, Franks v Delaware, 438 US 154; People v Alfinito, 16 NY2d 181). Finding neither, the court next proceeded to conduct an in camera, ex parte inquiry of the informant and examined the People’s exhibits to determine whether the informant’s life and/or future investigations would be jeopardized by disclosure. Confidentiality was deemed necessary, and the court then proceeded to try and redact portions of the affidavit to conceal the informant’s identity while giving the defendant a description of the information resulting in his arrest. It found this impossible and therefore ordered the People to produce the informant for a Darden-type inquiry in which it could evaluate credibility (see, People v Darden, 34 NY2d 177, supra). The court made a similar inquiry concerning the April 5 entry into the apartment and found the search of April 6 untainted by the prior police activity on April 5.
Based upon these hearings, the suppression court denied defendant’s motion for discovery and granted the People’s request for a protective order prohibiting disclosure. We conclude it properly exercised its discretion when it did so.
*587 IV
Our conclusion that a defendant’s opportunity to participate in suppression proceedings must yield in some cases to the need for confidentiality is not intended to suggest that courts may routinely grant the People’s application to seal the record. The procedures sanctioned here are reserved for those cases in which the reliability of the evidence of probable cause and the necessity for confidentiality are clearly demonstrated. In this case, however, both the issuing Judge and the suppression court questioned the police officer affiant and the informant under oath and concluded that there was probable cause for the search, that the police officer’s affidavit was truthful and that there was an overriding need for confidentiality. Addressing the additional allegations of fact contained in defense counsel’s affidavit in support of the motion to suppress, the court found, after sufficient inquiry and on sufficient evidence, that there was no taint. We conclude, therefore, as did a unanimous Appellate Division, that there is support in the record for the suppression court’s findings and that under the circumstances the procedures it followed did not offend due process.
Accordingly, the order of the Appellate Division should be affirmed.