(March 21, 2002)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL MORALES, Appellant. [739 NYS2d 149] —Judgment, Supreme Court, New York County (Ronald Zweibel, J.), rendered September 11, 2000, convicting defendant, upon a jury verdict, of criminal possession of a controlled substance in the third and fourth degrees and sentencing him as a second felony offender to two concurrent indeterminate terms of from 6 to 12 years imprisonment, unanimously reversed, on the law, the conviction vacated and the matter remanded for a new trial.

As the People commendably concede, defendant was deprived of a fair trial when the court permitted the prosecutor to introduce a redacted version of defendant's grand jury testimony, which admitted that the drugs were found in his bedroom on his dresser, but eliminated his explanation that he had no connection to the drugs and his suggestion that his son had brought the drugs into the room without his knowledge. Inasmuch as we are ordering a new trial, it is unnecessary to consider defendant's points regarding the trial court's rulings, the weight of the evidence and the severity of his sentences.

However, defendant also maintains that his suppression motion should have been granted and his indictment dismissed because the police officer's affidavit in support of the search warrant failed to establish the informant's reliability and that, as a result, there was no probable cause for the issuance of the warrant; that, since the affidavit failed to make a showing of probable cause, the hearing court (Renee White, J.) had no authority to proceed with an in camera hearing pursuant to *People v Darden* (34 NY2d 177); and, that the People never addressed the issue of the informant's reliability or alerted the

suppression court to the fact that the issuing court had examined the confidential informant and, therefore, such evidence cannot be introduced, or the issue raised for the first time before this Court.

Defendant correctly points out that, in response to his pretrial omnibus motion to, inter alia, suppress the physical evidence recovered from him, the People failed to advise the hearing court that the issuing court (Herbert Adlerberg, J.) had in fact personally examined the confidential informant under oath before issuing the search warrant. As such, the People failed to preserve that argument for consideration by this Court and their attempt to raise that issue for the first time on appeal by providing us with a sealed transcript of that examination is improper. He is also correct that the suppression court's initial finding, in its order dated March 9, 1999, that the information contained in the search warrant affidavit was sufficient to establish probable cause for a search of the premises was erroneous inasmuch as there was no factual averment for determining the reliability of the confidential informant (*see*, *People v Rivera*, 283 AD2d 202).

Nevertheless, although the suppression court erred in initially determining that the search warrant and supporting affidavit established probable cause on their face, an examination of the record reveals that the court, at defendant's request, held a *Darden* hearing at which the informant was produced for an in camera examination to demonstrate his or her existence and credibility (*cf.*, *People v Serrano*, 93 NY2d 73). Such a hearing is required "where there is insufficient evidence to establish probable cause apart from the testimony of the arresting officer as to communications received from an informer" (*People v Darden*, *supra*, 34 NY2d at 181). Here, since the supporting affidavit was insufficient to establish the reliability of the informant, a *Darden* hearing was proper.

Using questions submitted by defense counsel, the court examined the confidential informant on the issues of his or her safety and credibility and, at the conclusion of the hearing, it found probable cause for the execution of the search warrant and that the informant was a credible witness and would be in danger if his or her identity were disclosed.

Our review of the transcript of the *Darden* hearing supports the suppression court's findings. Moreover, the procedures undertaken by the court, i.e., excluding defense counsel from the hearing, did not offend due process. Clearly, a hearing court may "when necessary to protect a confidential informant, undertake inquiry relevant to the issue of probable cause on

the condition that it discharge its duties 'with recognition of the special need for protection of the interests of the absent defendant' " (*People v Castillo*, 80 NY2d 578, 584, quoting *People v Darden, supra* at 181). Concur—Williams, P.J., Nardelli, Andrias, Saxe and Friedman, JJ.