■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO MEREJILDO, Appellant. [762 NYS2d 338] —Judgment, Supreme Court, New York County (Herbert Altman, J., at hearing; Laura Visitacion-Lewis, J., at plea and sentence), rendered February 2, 2000, convicting defendant of criminal possession of a controlled substance in the second and third degrees, and sentencing him to consecutive terms of 8 years to life and 2 to 4 years, respectively, unanimously affirmed.

Defendant's suppression motion was properly denied. The suppression court properly concluded that the full factual predicate for the warrantless search at issue could not be disclosed without jeopardizing the confidential informant's safety, so that it was necessary to conduct most of the hearing on the issue of probable cause on an ex parte, in camera basis. The court conducted a "sensitive balancing" of the informant's safety against defendant's right to an adversarial proceeding (*see People v Castillo*, 80 NY2d 578, 582 [1992], *cert denied* 507 US 1033 [1993]) and employed a combination of procedures approved in *Castillo* and in *People v Darden* (34 NY2d 177, 181-182 [1974]). The hearing court, inter alia, thoroughly examined the informant in camera with the aid of questions defense counsel had submitted.

Defendant's principal argument is that *Castillo*-type procedures are not applicable to warrantless searches and arrests, because the "presumption of validity" which attaches to a warrant (*Castillo*, 80 NY2d at 585) is lacking, and that conse-

quently, the suppression court's role was not simplified by the initial greater layer of review by the court issuing a search warrant. Indeed, a suppression court makes only a limited determination whether the issuing court "reasonably could have concluded that probable cause existed" (*id.*). However, we need not decide whether a procedure comparable to *Castillo* could ever be employed to protect an informant's safety in the case of a purely warrantless search. In this case, the same information provided by the informant was not only the principal basis for the warrantless search of defendant's person and vehicle in which he was riding, but it was also the principal basis for the issuance of a warrant—which, notably, defendant does not seek to controvert—for the subsequent search of a different vehicle. Here, the hearing court properly considered the warrant, its supporting affidavit and its accompanying proceedings.

While the court that issued the warrant was not asked to pass directly on the validity of the prior warrantless search, and it was in possession of additional information not available at the time of that search, its acceptance of the informant's reliability and basis of knowledge indirectly upheld the prior warrantless search. Under these unusual circumstances and based on the particular procedures employed by the court, defendant received a fair opportunity to litigate his suppression claim (*compare Alderman v United States*, 394 US 165, 182-183 [1969]).

Upon our own independent review of the hearing record, including our in camera review of those portions of the proceedings that are sealed, we conclude that the continuing need for confidentiality has been established and that the informant's safety cannot be protected by means of a redaction procedure. The record further establishes that the hearing court fully protected defendant's right to a fair determination of his suppression claim.

As for the merits of the search, we conclude that the People established the informant's reliability and basis of knowledge. Furthermore, the police observations immediately prior to defendant's arrest corroborated the informant's information. Accordingly, there was probable cause for defendant's arrest, the police lawfully searched him incident to that arrest, and they lawfully searched the vehicle pursuant to the automobile exception (*see People v Galak*, 81 NY2d 463, 467 [1993]).

We perceive no basis for reducing the sentence.

We have considered and rejected defendant's remaining arguments. Concur—Ellerin, J.P., Williams, Marlow and Gonzalez, JJ.