THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIX CASTILLO, Appellant. [765 NYS2d 322] —Judgment, Supreme Court, New York County (Charles Solomon, J., at hearing; William Wetzel, J., at jury trial and sentence), rendered October 17, 2000, convicting defendant of criminal possession and criminal sale of a controlled substance in the first and third degrees, respectively, and sentencing him to concurrent terms of 15 years to life and 3 to 9 years, unanimously affirmed.

The court improperly precluded defendant's cross-examination of a police witness about a statement in a felony complaint that had been prepared by the People and signed by the officer, since his in-court testimony flatly contradicted the description given in the complaint. On an analysis of the record, we find the error to be harmless.

The court properly allowed the People to introduce rebuttal evidence, which was not collateral, but which tended to overcome a specific fact that defendant had affirmatively sought

to prove (*see People v Alvino*, 71 NY2d 233, 248 [1987]). Even if we were to find that the court improperly allowed the People to emphasize a logo on a bag that was not in evidence, we would find any error to be harmless.

Defendant's request for access to the sealed warrant, affidavit and minutes has already been rejected by this Court in its determination of defendant's motion requesting similar relief, and there is no basis upon which to reach a different result at this time. Sealing of these materials in the interest of maintaining the informant's safety did not impair defendant's ability to litigate the suppression issue (*see People v Castillo*, 80 NY2d 578 [1992]).

Defendant's sentence, which was the statutory minimum, did not constitute unconstitutional cruel and unusual punishment (*see People v Thompson*, 83 NY2d 477, 480 [1994]; *People v Broadie*, 37 NY2d 100 [1975], *cert denied* 423 US 950 [1975]). Concur—Saxe, J.P., Sullivan, Williams, Lerner and Friedman, JJ.