THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD LOWE, Appellant. [856 NYS2d 90]—

Judgment, Supreme Court, New York County (Ronald A. Zweibel, J., at hearing; Arlene R. Silverman, J., at jury trial and sentence), rendered February 2, 2004, convicting defendant of criminal possession of a control substance in the first degree, and sentencing him to a term of fifteen years to life, affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. The evidence supports the conclusion that, at the time defendant possessed the cocaine, its aggregate weight, including moisture, exceeded four ounces, and that nothing was added to the cocaine between the time it was seized and the time it was tested (see People v Johnson, 301 AD2d 462 [2003], lv denied 99 NY2d 655 [2003]; see also People v Julian, 41 NY2d 340 [1977]).

Following our in camera review of the minutes of the hearing conducted pursuant to People v Darden (34 NY2d 177 [1974]), we find that the court properly denied defendant's suppression motion, and that disclosure of these minutes, even with redactions, would jeopardize the safety of the confidential informant. Defendant's arguments for disclosure are similar to those he made in an unsuccessful motion before this Court, and we see no reason to revisit our prior ruling (see People v Merejildo, 305 AD2d 143 [2003], lv denied 1 NY3d 540 [2003]).

We disagree with the dissent that the informant's basis of knowledge was not established. Without disclosing the exact substance of the Darden hearing testimony, we find that in its totality, the information from the informant provided ample basis to conclude that the informant had a basis for his or her knowledge that defendant was in possession of narcotics (see People v Mendez, 44 AD3d 302 [2007], lv denied 9 NY3d 1036 [2008]; People v Herold, 282 AD2d 1, 6-7 [2001], lv denied 97 NY2d 682 [2001]), and that it further sufficed to establish probable cause to arrest. Concur—Andrias, J.P., Gonzalez and Sweeny, JJ.

McGuire, J., dissents in a memorandum as follows: This is one of the unusual cases in which an evidentiary hearing on a motion to suppress is conducted in the absence of the defendant and his counsel (*see People v Darden*, 34 NY2d 177 [1974]). It is unusual in another respect as it presents less than clear cut issues concerning the legality of the arrest and search of defendant, including whether the basis-of-knowledge prong of the *Aguilar-Spinelli* test was satisfied (*see People v Griminger*, 71 NY2d 635 [1988]). I respectfully dissent as I would not resolve the ultimate issue of the legality of the arrest. Rather, I would hold the appeal in abeyance and require the People to demonstrate anew on an in camera basis that disclosure of the minutes of the *Darden* hearing would jeopardize the informant's safety. If the People fail to do so, I would provide defendant with the minutes and permit additional briefing on any issue or issues defendant might raise. If the People demonstrate a continuing need to protect the informant's safety, I would nonetheless permit additional briefing on a particular issue (discussed below) given that the resolution of that issue might obviate the need to determine whether the informant had an adequate basis of knowledge.

After the *Darden* hearing had concluded, Justice Zweibel stated in the presence of defendant and his attorney that the hearing had concluded that morning with the second of two police witnesses. The court informed counsel that earlier, on the date the hearing first had commenced, the court had "heard from the confidential informant as well as a detective." The court then announced its findings as follows: "I found all witnesses at this hearing to be credible. I confirmed at the hearing the existence of the confidential informant. I found him based upon his testimony at the *Darden* hearing to be reliable and trustworthy. Furthermore, the confidential informant, his direct first hand knowledge of the fact that the defendant would have narcotic drugs on him, the information was relayed to a backup team[,] and the defendant[,] based upon the information with a specific description[,] was placed under arrest on Broadway between 137th and 138th Street."

Contrary to the court's findings, the informant did *not* have personal knowledge that defendant was in possession of narcotics. As disclosure of the minutes of the hearing might jeopardize the safety of the confidential informant, I am unwilling to explicate the basis for my contrary conclusion. Suffice it to say, however, that the informant certainly did not testify that he had such personal knowledge and the inference that he did cannot reasonably be drawn from his testimony.

During his testimony the detective never asserted that the informant had told him anything about the basis for the informant's belief that the defendant would be in possession of narcotics. Nor, for that matter, did the informant ever testify that during any of the telephone conversations with the detective that evening he told the detective *anything* about the basis of his belief that defendant would be in possession of a controlled substance. Moreover, the court asked the detective the following question: "Did [the informant] tell you how—did he tell you whether he saw drugs in [defendant's] possession?" Again, I think it prudent not to quote the answer in full. But in relevant part the detective answered that "[t]he only thing he told me, he got it."

In short, the arrest occurred without any knowledge by the detective or the police officers who effectuated the arrest about the factual basis for the informant's belief. Whether that complete lack of knowledge about the informant's basis of knowledge would render the search unlawful even if the informant had an adequate basis of knowledge is an issue the parties have not briefed. Defendant, of course, could not have known that the police had no knowledge of the informant's basis of knowledge before they arrested and searched him. My own less than exhaustive research has not yielded a case squarely on point. Although it is not obvious that suppression would be required if the informant had an adequate basis of knowledge but the police blundered by not asking the informant anything about how he knew what he had reported to them, I am loathe to resolve the issue against defendant without giving him an opportunity to brief it. To do otherwise hardly seems consistent with our duty to "recogni[ze] . . . the special need for protection of the interests of the absent defendant" (*Darden*, 34 NY2d at 181; *see also People v Castillo*, 80 NY2d 578, 585-586 [1992] ["when a court resolves (the probable cause) question without the defendant's participation it must be particularly diligent and consider all possible challenges that might be raised on the defendant's behalf"], *cert denied* 507 US 1033 [1993]).

As noted, the informant did not have personal knowledge that defendant was in possession of narcotics. Moreover, the information provided by the informant "about the criminal activity" was not "so detailed as to make clear that it must have been based on personal observation of that activity" (*People v Elwell*, 50 NY2d 231, 241 [1980]); nor did the detective or the arresting officers "observe conduct suggestive of, or directly involving, the criminal activity about which [the] informant . . . [gave] information to the police" (*id.*; *see also id.* at 237

["(i)t follows that when the basis of the informant's knowledge is not given, personal police observation corroborative of data received from the informant should be regarded as sufficient only when the police observe facts suggestive of criminal activity. Otherwise privacy and liberty may be invaded by a warrantless search or arrest based solely on the quality of the informant and not at all on the quality of the information, i.e., its suggestiveness of criminal activity"]).

Although the informant did not have personal knowledge that defendant was in possession of narcotics, the informant's belief to that effect was not "unsubstantiated rumor, unfounded accusation or conclusory characterization" (*People v Ketcham*, 93 NY2d 416, 420 [1999]). For this reason, the majority's conclusion that the informant had an adequate basis of knowledge is not unreasonable. Nonetheless, I would not decide this issue unless it becomes necessary to do so, i.e., unless the issue of the lack of knowledge of the police about the informant's knowledge is resolved against defendant and this Court does not receive additional briefing from the parties due to a new demonstration by the People that disclosure of the minutes would jeopardize the informant's safety.

With respect to the adequacy of the informant's basis of knowledge, two other points should be made. First, even if it ultimately might have been unavailing, ambiguities in the informant's testimony could and should have been the subject of additional questioning by the court. Second, even if the testimony relating to the informant's basis of knowledge might pass muster in a case in which the defendant and his counsel were present for and participated in the suppression hearing, it does not necessarily follow that in this case the informant had an adequate basis of knowledge. I express no opinion on the matter but heightened scrutiny of the adequacy of this informant's basis of knowledge would be consistent with "the special need for protection of the interests of the absent defendant" (*Darden*, 34 NY2d at 181).

Because I believe the issues in this case are less than clearcut, I disagree with the majority's conclusion that there is no need to revisit our prior determination to deny defendant's motion to unseal the *Darden* minutes. That determination was made more than two years ago (on February 28, 2006) in part on the basis of an affidavit dated January 9, 2006 from the Assistant District Attorney assigned to the motion asserting that at some earlier time the Assistant District Attorney assigned to the case had "investigated the whereabouts and status of the confidential informant and . . . that the confidential informant

is alive and still very much at risk." Suffice it to say that what was true more than two years ago might not be true today.

Defendant, of course, cannot be expected to know whether the relevant circumstances have changed. Given both the passage of time and the question of the adequacy of the informant's basis of knowledge, the People should be required to bear the minimal burden of demonstrating anew that confidentiality is necessary, i.e., that disclosure of the minutes would jeopardize the informant's safety.