436

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THANH DO, Appellant. [924 NYS2d 380]—

Judgment, Supreme Court, New York County (Daniel P. Conviser, J.), rendered June 24, 2008, convicting defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the third degree, and sentencing him to a term of 1½ to 3 years, unanimously affirmed.

The court properly denied defendant's suppression motion. The court conducted the suppression proceedings in two stages. First, the court conducted a conventional adversarial hearing. The court then conducted ex parte, in camera proceedings relating to a confidential informant.

The arresting officer testified at the adversarial hearing that he received confidential information that a group of men were about to commit a home invasion robbery at a specified location. At that location, the officer saw three men, including defendant, who met the descriptions of the suspects. The officer saw an L-shaped bulge resembling a firearm in defendant's waistband. After a protective frisk failed to rule out the possibility that the object was a weapon, the officer handcuffed defendant and removed the object from defendant's person.

The hearing court credited this testimony, and we find no basis for disturbing that determination. Therefore, the evidence presented at the adversarial hearing was sufficient to deny suppression (see People v Prochilo, 41 NY2d 759, 762 [1977]). Since the confidential information was confirmed by the officer's observation of a bulge with the specific shape of a handgun, it established reasonable suspicion, justifying the police actions.

Accordingly, it was unnecessary for the People to establish the informant's reliability and basis of knowledge. In any event, based on our in camera review of the sealed minutes of the ex parte portion of the suppression proceedings, we find that the informant was reliable, and that he was speaking from personal knowledge. We also conclude that the court properly employed the procedures set forth in People v Castillo (80 NY2d 578 [1992], cert denied 507 US 1033 [1993]), and we reject defendant's procedural arguments.

We decline to revisit our prior decision (2010 NY Slip Op 67604[U]) that denied disclosure of the sealed materials. Concur—Saxe, J.P., DeGrasse, Freedman, Abdus-Salaam and Manzanet-Daniels, JJ.