# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

458

KA 08-02646

PRESENT: SCUDDER, P.J., FAHEY, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

SHAMALL KNIGHT, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered December 12, 2008.  The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum:  On appeal from a judgment convicting him upon his guilty plea of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that Supreme Court erred in denying his motion to suppress evidence obtained by the police following his arrest, including the loaded firearm he was charged with possessing.  We reject that contention.  Defendant was arrested based on information provided to the police by a confidential informant. The informant telephoned a detective with whom he had a relationship and stated that a black male wearing a brown hooded sweatshirt, jeans and brown boots was in possession of a .380 caliber handgun in the area of Lafayette Avenue and South Salina Street in Syracuse.  The informant also stated that the man with the gun was riding a "female type bicycle."  The detective relayed that information to police headquarters, and the information was then transmitted over the police radio.  Within minutes, two uniformed officers arrived at the specified location and observed defendant, who matched the description provided by the informant.  Defendant was standing in front of a house on South Salina Street, and there was a bicycle on the ground next to him.  Defendant ran inside the house when the marked police vehicle stopped in front of it, and the officers gave chase.  Defendant was tackled inside the house by one of the officers, whereupon a handgun fell onto the floor from defendant's clothing.

Contrary to defendant's contention, the court did not err in

restricting defense counsel's cross-examination of the detective with respect to his understanding of the informant's basis of knowledge. The court properly determined that "the full factual predicate for the warrantless search at issue could not be disclosed without jeopardizing the confidential informant's safety" (*People v Merejildo*, 305 AD2d 143, 143, *lv denied* 1 NY3d 540; *see generally People v Morales*, 292 AD2d 253, 254-255). Stated otherwise, if the court had required the detective to respond to defense counsel's proposed line of questioning, the identity of the informant would no longer have been confidential.

We further conclude that the informant's basis of knowledge was sufficiently established at the in camera *Darden* hearing (*see People v Darden*, 34 NY2d 177). "Without disclosing the exact substance of the Darden hearing testimony," we conclude that the information from the informant, in its totality, "provided ample basis to conclude that the informant had a basis for his or her knowledge that defendant was in possession of" a weapon (*People v Lowe*, 50 AD3d 516, 516, *affd* 12 NY3d 768). Defendant does not challenge the reliability of the informant, who had provided accurate information to the police on many occasions in the past, and we thus conclude that the People satisfied both prongs of the *Aguilar/Spinelli* test (*see People v Henry*, 74 AD3d 1860, *lv denied* 15 NY3d 852).

We reject defendant's further contention that the information provided by the confidential informant was not sufficient to support the officers' pursuit of defendant into the house, where he admittedly did not reside. We conclude that, at a minimum, the officers had "reasonable suspicion to stop and detain defendant based on the totality of the circumstances, including a radio transmission providing a general description of the perpetrator[ ] of [the] crime . . .[,] the . . . proximity of the defendant to the site of the crime, the brief period of time between the crime and the discovery of the defendant near the location of the crime, and the [officers'] observation of the defendant, who matched the radio-transmitted description" (*People v Moss*, 89 AD3d 1526, 1527, *lv denied* 18 NY3d 855 [internal quotation marks omitted]). Defendant's flight upon seeing the officers exit their marked patrol vehicle further established the informant's reliability (*see People v Norman*, 66 AD3d 1473, 1474, *lv denied* 13 NY3d 940; *see generally People v Lee*, 258 AD2d 352, *lv denied* 93 NY2d 900), and increased the degree of suspicion (*see People v Pines*, 99 NY2d 525, 526). Thus, the pursuit and forcible detention of defendant by the officers thereafter was justified (*see id.* at 526-527; *People v Wilson*, 49 AD3d 1224, 1224-1225, *lv denied* 10 NY3d 966).

We have reviewed defendant's remaining contentions and conclude that they lack merit.

Entered: April 27, 2012                                    Frances E. Cafarell
                                                           Clerk of the Court