■ The People of the State of New York, Respondent, v Rodman Rivera, Appellant. [8 NYS3d 118]—

Appeal from judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered September 25, 2012, convicting defendant, upon his plea of guilty, of three counts of criminal possession of a weapon in the second degree, and sentencing him, as a second violent felony offender, to concurrent terms of 11 years, held in abeyance, and the matter remanded for further proceedings on defendant's suppression motion.

Supreme Court erred in concluding that defendant lacked standing to seek suppression of two handguns recovered from a box resting on the back seat of an automobile that defendant was driving and that was owned by one of his passengers. Although the court ordered a suppression hearing regarding other issues, defendant was also entitled to a hearing on his motion to suppress these two pistols.

In opposition to defendant's assertion that the weapon possession charges were based solely on the statutory presumption that weapons recovered from the interior of an automobile

are deemed to be possessed by all its occupants (Penal Law § 265.15 [3]), the People failed to "point to evidence reasonably tending to show the defendant's actual or constructive possession" of the two pistols (*People v Cheatham*, 54 AD3d 297, 301 [1st Dept 2008], *lv denied* 11 NY3d 854 [2008]). Instead, the People asserted that the statutory presumption did not apply, claiming erroneously that the two handguns at issue were recovered from the person of one of the car's passengers (*see* Penal Law § 265.15 [3] [a]). The People concede on appeal that this argument was incorrect, because the two pistols (unlike a revolver found on the person of a passenger) were in fact recovered from a box on the back seat. There is no indication that the motion court relied either on the grand jury minutes or the search warrant affidavit. Because the People failed to adequately demonstrate that the charges relating to the two pistols were not based entirely on the statutory presumption, defendant had automatic standing to challenge seizure of those weapons (*see People v Millan*, 69 NY2d 514, 519-520 [1987]).

We do not reach the People's new theory for defeating automatic standing, nor defendant's newly advanced argument that he had an independent privacy interest in the car he was driving, but did not own, as both claims are unpreserved. Concur—Mazzarelli, J.P., Renwick, Andrias, Richter and Feinman, JJ.