(April 5, 2016)

■ The People of the State of New York, Respondent, v Rodman Rivera, Appellant. [29 NYS3d 289]—

Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered September 25, 2012, convicting defendant, upon his plea of guilty, of three counts of criminal possession of a weapon in the second degree, and sentencing him, as a second felony offender, to concurrent terms of 11 years, unanimously affirmed.

We previously held defendant's appeal in abeyance (127 AD3d 595 [1st Dept 2015]), and remanded the matter for a hearing, holding that it was error to deny defendant's motion to suppress two pistols on the ground that he lacked standing. Initially, we note that on remand the motion court erred to the extent it stated at the conclusion of the hearing that defendant still lacked standing, as our earlier decision finding automatic standing based on the automobile presumption (Penal Law § 265.15 [3]), was dispositive, and nothing in our decision suggested that the People were entitled to a new opportunity before the trial court to show that automatic standing did not apply. We also note that our remand did not encompass the recovery of defendant's cell phone, because the remand was limited to matters about which the court had denied a hearing, i.e. the pistols.

The record supports the motion court's conclusion upon remand that the pistols should not be suppressed. Although the trial court could have made a more complete record at the suppression hearing as to why no information about the tip could be disclosed, or could have given defense counsel details

that would not have revealed the confidential informant's identity, we find, based on our examination of the confidential materials, that overall the court properly employed the procedures discussed in *People v Castillo* (80 NY2d 578 [1992], *cert denied* 507 US 1033 [1993]) and *People v Darden* (34 NY2d 177 [1974]). We have reviewed the sealed transcript of the *Darden* hearing and the court's summary report, and find that the confidential informant existed and provided reliable information to the police that established probable cause for defendant's arrest. Thus, the police lawfully searched the car for illegal weapons (*see People v Lowe*, 50 AD3d 516 [1st Dept 2008], *affd* 12 NY3d 768 [2009]; *People v Brown*, 93 AD3d 1231 [4th Dept 2012], *lv denied* 19 NY3d 958 [2012]; *see also People v Edwards*, 1 AD3d 277 [1st Dept 2003], *lv denied* 1 NY3d 627 [2004]). We have considered defendant's remaining arguments and find them unavailing.

We perceive no basis for reducing the sentence. Concur— Mazzarelli, J.P., Renwick, Andrias, Richter and Feinman, JJ.