■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGELLOVE VASQUEZ, Appellant. [34 NYS3d 441]—

Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered May 23, 2012, convicting defendant, after a jury trial, of criminal possession of a weapon in the second degree, and sentencing him to a term of nine years, unanimously affirmed.

The court properly exercised its discretion in permitting the jury to conduct an experiment with physical evidence by placing, in the backpack worn by defendant at the time of his arrest, the pistol and clothing that the police had found in the backpack (*see People v Gomez*, 273 AD2d 160 [1st Dept 2000], *lv denied* 95 NY2d 890 [2000]). The fact that defendant testified that items not introduced into evidence were also in the bag did not result in the experiment being under different conditions from those existing at the time of the arrest, because the jury could have discredited that testimony. In any event,

the court minimized any prejudice by reminding the jury of that testimony in its instruction permitting the jury to conduct the experiment. In any event, any error was harmless in light of the overwhelming evidence of guilt (*see People v Crimmins*, 36 NY2d 230 [1975]).

Defendant did not preserve his contention that the court's instruction to the jury regarding the experiment misstated the evidence by referring to purported testimony that "video games" were in the backpack, and we decline to review it in the interest of justice. As an alternative holding, we find that although, as the People concede, the court's statement was unsupported by any evidence, the error was likewise harmless (*see id.*). We do not find that the lack of preservation should be excused on the ground of ineffective assistance.

Upon our review of the sealed transcript of a *Darden* hearing, we find that the confidential informant existed (*see e.g. People v Rivera*, 138 AD3d 401 [1st Dept 2016]), that "the information from the informant provided ample basis to conclude that the informant had a basis for his or her knowledge that defendant was in possession of [the pistol], and that it further sufficed to establish probable cause to arrest" (*People v Lowe*, 50 AD3d 516, 516 [1st Dept 2008], *affd* 12 NY3d 768 [2009]). We decline to unseal the transcript, since its disclosure, "even with redactions, would jeopardize the safety of the confidential informant" (*id.*).

We find no merit to defendant's due process and ineffective assistance of appellate counsel claims in connection with the sealing of the *Darden* hearing transcript (*see People v Castillo*, 80 NY2d 578, 584 [1992], *cert denied* 507 US 1033 [1993]) or this Court's denial of his motion to enlarge the record to include the minutes of grand jury testimony (*see People v Campbell*, 90 NY2d 852, 853 [1997]).

We perceive no basis for reducing the sentence. Concur— Sweeny, J.P., Renwick, Manzanet-Daniels and Webber, JJ.