People v Garces (2018 NY Slip Op 00609)





People v Garces


2018 NY Slip Op 00609


Decided on February 1, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 1, 2018

Renwick, J.P., Richter, Tom, Gesmer, Oing, JJ.


5570 3173/12

[*1]The People of the State of New York, Respondent,
v
Franklin Garces, Defendant-Appellant.


Rosemary Herbert, Office of the Appellate Defender, New York (Samuel J. Mendez of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Yan Slavinskiy of counsel), for respondent.



Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered December 20, 2013, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the second and seventh degrees, and sentencing him to an aggregate term of three years, unanimously affirmed.
We find no procedural or substantive basis for suppressing the drugs recovered from defendant. Based on our examination of confidential materials, including minutes of a hearing under People v Darden (34 NY2d 177 [1974]), we find that the court properly employed the procedures discussed in People v Castillo (80 NY2d 578 [1992], cert denied 507 US 1033 [1993]), and that the confidential informant provided reliable information, based on personal knowledge, establishing probable cause for defendant's arrest. Confidential Darden hearing testimony may be used to establish, not only the informant's existence, but probable cause itself, where the security concerns and other requirements of Castillo are present (see e.g. People v Lowe, 50 AD3d 516 [1st Dept 2008], affd 12 NY3d 768 [2009]).
The court also properly declined to compel disclosure of the informant's identity either at the suppression hearing or at trial. The record demonstrates a continuing need to conceal the informant's identity, notwithstanding his termination as an informant. Furthermore, defendant did not meet his burden of showing that he needed to call the informant as a trial witness (see People v Pena, 37 NY2d 642, 644 [1975]; People v Goggins, 34 NY2d 163, 169-170 [1974], cert denied 419 US 1012 [1974]).
The People provided reasonable assurances as to the identity and unchanged condition of the drugs seized from defendant, including the fact that the drugs were kept in identifiable containers (see People v Miller, 209 AD2d 187, 188 [1st Dept 1994], affd 85 NY2d 962 [1995]). The absence of testimony from the chemist who initially tested the drugs, and minor inconsistencies in testimony describing the drugs' appearance, went only to the weight to be [*2]accorded the evidence, not its admissibility (see People v Julian, 41 NY2d 340 [1977]; People v Adderley, 105 AD3d 505 [1st Dept 2013], lv denied 22 NY3d 1154 [2014]).
We have considered and rejected defendant's remaining claims.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 1, 2018
CLERK