People v Correra-Robles (2022 NY Slip Op 01742)





People v Correra-Robles


2022 NY Slip Op 01742


Decided on March 15, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 15, 2022

Before: Gische, J.P., Kern, González, Shulman, Higgitt, JJ. 


Ind. No. 1639/19 Appeal No. 15522 Case No. 2020-02826 

[*1]The People of the State of New York, Respondent,
v
Axel Correra-Robles, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Elizabeth M. Vasily of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Christopher M. Pederson of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Guy H. Mitchell, J. at motion to controvert search warrant and plea; Marsha D. Michael, J. at sentencing), rendered April 17, 2020, convicting defendant of criminal possession of a firearm, and sentencing him to a term of 11 months, unanimously affirmed.
Defendant validly waived his right to appeal (see People v Thomas, 34 NY3d 545 [2019], cert denied 589 US &mdash, 140 S Ct 2634 [2020]; People v Bryant, 28 NY3d 1094 [2016]). "The record of the plea proceeding, taken together with a detailed written waiver that defendant reviewed with his counsel, and that fully explained the appellate rights defendant was giving up, established that the waiver was knowing, intelligent and voluntary" (People v Dilworth, 189 AD3d 636, 636 [1st Dept 2020], lv denied 36 NY3d 1096 [2021]). The waiver forecloses review of defendant's suppression claims.
In any event, defendant's motion to controvert a search warrant was properly denied (see generally People v Castillo, 80 NY2d 578, 585 [1992], cert denied 507 US 1033 [1993]). Defendant's argument that the court should have held a Darden hearing is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we find that claim unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 15, 2022