People v Stephen (2022 NY Slip Op 01974)





People v Stephen


2022 NY Slip Op 01974


Decided on March 22, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 22, 2022

Before: Renwick, J.P., Manzanet-Daniels, Singh, Kennedy, Scarpulla, JJ. 


Ind. No. 276/16 Appeal No. 15561 Case No. 2017-1452 

[*1]The People of the State of New York, Respondent,
v
Daryl Stephen, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (Steven J. Miraglia of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Susan Axelrod of counsel), for respondent.



Judgment, Supreme Court, New York County (Laura A. Ward, J.), rendered August 22, 2016, convicting defendant, upon his plea of guilty, of criminal possession of a forged instrument in the second degree, and sentencing him to five years' probation, unanimously affirmed.
Defendant made a valid waiver of his right to appeal (see People v Thomas, 34 NY3d 545 [2019], cert denied 589 US &mdash, 140 S Ct 2634 [2020]; People v Bryant, 28 NY3d 1094 [2016]; see also People v Dilworth, 189 AD3d 636 [1st Dept 2020], lv denied 36 NY3d 1096 [2021]). The plea court's colloquy with defendant, taken together with the written appeal waiver defendant signed in court after consulting with counsel, established a knowing, intelligent and voluntary waiver. This waiver forecloses defendant's claims relating to a search warrant.
In any event, the court providently exercised its discretion in issuing a protective order permitting a minor redaction of the supporting affidavit of the search warrant application, because there was "good cause" for the redaction (CPL 240.50[1], repealed and replaced by CPL 245.70), and the unredacted allegations provided defendant with the facts necessary to meaningfully contest the warrant (see generally People v Castillo, 80 NY2d 578, 582-585 [1992], cert denied 507 US 1033 [1993]). The warrant was sufficiently particularized and was not overbroad (see generally United States v Ganias, 824 F3d 199, 217 [2d Cir 2016 en banc], cert denied 580 US , 137 S Ct 569 [2016]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 22, 2022