People v Stokes (2025 NY Slip Op 03634)

People v Stokes

2025 NY Slip Op 03634

Decided on June 12, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 12, 2025

Before: Kern, J.P., Kennedy, Friedman, Shulman, O'Neill Levy, JJ. 

Ind No. 70803/21|Appeal No. 4574|Case No. 2023-03142|

[*1]The People of the State of New York, Respondent,
v
Anthony Stokes, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Emilia King-Musza of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Saad Siddiqui of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Albert Lorenzo, J., on motion to controvert the warrant; Dineen Ann Riviezzo, J., on motion to dismiss and at plea; Alvin M. Yearwood, J., at sentencing), rendered June 7, 2023, convicting defendant of attempted criminal possession of a weapon in the second degree, and sentencing him to a term of probation of five years, unanimously affirmed.
Defendant's waiver of his right to appeal was valid (see People v Thomas, 34 NY3d 545 [2019], cert denied 589 US , 140 S Ct 2634 [2020]), which forecloses review of his Second Amendment challenge (see People v Fofana, 236 AD3d 607 [1st Dept 2025]; People v Johnson, 225 AD3d 453, 453-454 [1st Dept 2024], lv granted 42 NY3d 939 [2024]). In any event, his claim is partially unpreserved (see People v Cabrera, 41 NY3d 35 [2023]), and we decline to review it in the interest of justice. As an alternative holding, we find that defendant has failed to establish that he has standing to challenge New York's gun licensing scheme, or that the statute is unconstitutional under New York State Rifle & Pistol Assn., Inc. v Bruen, 597 US 1 (2022) (see Johnson, 225 AD3d at 455; People v Kirlew, 231 AD3d 678, 679 [1st Dept 2024], lv denied 42 NY3d 1053 [2024]).
Based on our review of the record, including our in camera review of sealed materials, we find no basis to controvert the search warrant (see People v Jenkins, 200 AD3d 541 [1st Dept 2021], lv denied 38 NY3d 1071 [2022]). The record, including the sealed minutes of the confidential informant's testimony, establishes probable cause for the issuance of the warrant (see People v Castillo, 80 NY2d 578, 585 [1992], cert denied 507 US 1033 [1993]).
Defendant's valid waiver of the right to appeal also forecloses review of his excessive sentence claim (see Johnson, 225 AD3d at 455). As an alternative holding, we perceive no basis for reducing his sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 12, 2025