People v Bleyden (2025 NY Slip Op 05197)

People v Bleyden

2025 NY Slip Op 05197

Decided on September 30, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 30, 2025

Before: Kern, J.P., Scarpulla, Kapnick, Gesmer, Hagler, JJ. 

Ind. No. 2175/19|Appeal No. 4771|Case No. 2021-02877|

[*1]The People of the State of New York, Respondent,
v
Creig Bleyden, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Steven J. Miraglia of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Katherine A. Triffon of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Albert Lorenzo, J., at plea; Raymond L. Bruce, J., at sentencing), rendered July 29, 2021, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the seventh degree, and sentencing him to a one-year conditional discharge, unanimously affirmed.
Defendant made a valid waiver of his right to appeal (see People v Thomas, 34 NY3d 545, 559-560 [2019], cert denied 589 US , 140 S Ct 2634 [2020]), which forecloses review of defendant's suppression claim.
As an alternative holding, defendant did not forfeit his challenge to the court's suppression ruling by pleading guilty before the court conducted a Darden hearing. The court issued a final, appealable ruling that expressly denied his motion to controvert the warrant (CPL 710.70[2]; cf. People v Fernandez, 67 NY2d 686, 688 [1986]), and there was no unresolved issue left open by the motion court's granting a Darden hearing (cf. People v Varon, 168 AD2d 349, 350 [1st Dept 1990], lv denied 77 NY2d 911 [1991]).
However, we deny defendant's application for disclosure of the unredacted search warrant materials, which could reveal the identity of the confidential informant.
Upon conducting an in camera review of the search warrant application, we find that the search warrant was issued based on probable cause (see People v Castillo, 80 NY2d 578, 585 [1992], cert denied 507 US 1033 [1993]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 30, 2025