People v Hillaire (2026 NY Slip Op 00324)

People v Hillaire

2026 NY Slip Op 00324

Decided on January 22, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 22, 2026

Before: Manzanet-Daniels, J.P., Webber, Friedman, González, Michael, JJ. 

Ind No. 71235/23|Appeal No. 5649|Case No. 2024-00609|

[*1]The People of the State of New York, Respondent,
vTravain Hillaire, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Nusayba Hammad of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Sarah Lubin of counsel), for respondent.

Judgment, Supreme Court, New York County (Cori H. Weston, J.), rendered October 3, 2023, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree, and sentencing him, as a second violent felony offender, to a term of seven years, unanimously affirmed.
Defendant neither moved to withdraw the plea nor articulated the ground he raises on appeal. Thus, he has not preserved his contention that his plea was rendered involuntary by the court and his counsel allegedly "misinforming" him that the confidential informant was not relevant to a trial and would not be subject to cross-examination (see People v Williams, 27 NY3d 212, 214 [2016]; People v Elliot, 137 AD3d 715, 716 [1st Dept 2016], lv denied 27 NY3d 1131 [2016]). His claim also does not fall within the "narrow exception" to the preservation requirement, which exists "in rare cases where the defendant lacks a reasonable opportunity to object" to an error "which is clear on the face of the record and to which the court's attention should have been instantly drawn" (see Williams, 27 NY3d at 214). We decline to review defendant's claim in the interest of justice. As an alternative holding, we find that the statements by the court and by counsel correctly informed defendant that the confidential informant was relevant to the probable cause determination but not to any trial issues, in the absence of any indication in the record that defendant expressed an interest in raising an entrapment defense and where entrapment would not be a viable defense (see generally People v Brown, 82 NY2d 869, 871 [1993]).
Upon our review of the sealed transcript of the Darden hearing, we find that the confidential informant existed, that the informant was reliable, and that the informant had ample basis for his or her knowledge that defendant possessed the firearm (see People v Vasquez, 140 AD3d 571, 572 [1st Dept 2016], lv denied 28 NY3d 1076 [2016]; People v Rivera, 138 401, 402 [1st Dept 2016], lv denied 28 NY3d 936 [2016]). In any event, the Darden hearing did not provide the only basis for probable cause, where the officers were able to observe the firearm on defendant's lap after they approached the vehicle. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 22, 2026