People v Acosta (2026 NY Slip Op 00324)

People v Acosta

2026 NY Slip Op 00324

Decided on January 27, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 27, 2026

Before: Moulton, J.P., Mendez, Rodriguez, Rosado, Hagler, JJ. 

Ind. No. 71886/23|Appeal No. 5657|Case No. 2024-03381|

[*1]The People of the State of New York, Respondent,
vAnolvis Acosta, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Leanna J. Duncan of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (John Cheever of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Ralph A. Fabrizio, J.), rendered May 10, 2024, convicting defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree, and sentencing him to four years of probation, unanimously modified, on the law, to the extent of striking the condition of probation requiring him to pay the mandatory surcharge and court fees as a condition of his probation, and otherwise affirmed.
Defendant validly waived his right to appeal, which forecloses review of his claim that his sentence is excessive (see People v Thomas, 34 NY3d 545, 559 [2019], cert denied 589 US —, 140 S Ct 2634 [2020]). In any event, we perceive no basis for reducing his sentence.
Defendant's challenge to the condition of probation requiring that he pay the mandatory surcharge and court fees survives his waiver of the right to appeal (see People v Arias, 210 AD3d 593, 594 [1st Dept 2022], lv denied 39 NY3d 1109 [2023]). Penal Law § 65.10(1) provides that "[t]he conditions of probation . . . shall be such as the court, in its discretion, deems reasonably necessary to [e]nsure that the defendant will lead a law-abiding life or to assist him in doing so." Penal Law § 65.10(2)(l) allows the court to impose "any other conditions reasonably related to his rehabilitation." In determining whether a condition is reasonably necessary and related to a defendant's rehabilitation, the Court must consider the particular circumstances of a defendant's case (see People v Hale, 93 NY2d 454, 461 [1999]).
Defendant, who is indigent and a first-time offender, has only sporadic income and otherwise has been supported by his mother. Under these circumstances, the requirement that he pay a total of $375 in surcharges and fees as a condition of probation "will not assist in ensuring [that] he leads a law-abiding life and is not reasonably related to his rehabilitation" (People v Percy, 234 AD3d 619, 620 [1st Dept 2025]). Accordingly, that condition is stricken. We note that the People do not oppose this relief.
Defendant raises, for the first time here, constitutional challenges to condition 7 of his probation, requiring him to "[a]void injurious or vicious habits; refrain from frequenting unlawful or disreputable places; and . . . not consort with disreputable people," and to condition 24, requiring him to "[r]efrain from wearing or displaying gang paraphernalia and having any association with a gang or members of a gang," as vague and overbroad and as violating his First Amendment rights. As defendant raises objections to these conditions for the first time on appeal, his constitutional challenges are unpreserved (see People v Cabrera, 41 NY3d 35, 43 [2023]; People v Rivera, 242 AD3d 421, 422 [1st Dept 2025]; People v Lowndes, 239 AD3d 574, 575 [1st Dept 2025], lv denied 44 NY3d 1012 [2025]), and we decline to review them in the interest of justice. As an alternative holding, we find them unavailing.
Defendant's claim that the court erred in denying his request for a certificate of relief from disabilities (CRD) is not properly before this Court. The court's providently deferred issuance of the CRD until defendant's successful completion of probation is not part of the judgment, and thus is not appealable. Further, Correction Law § 702, governing the issuance of a CRD, does not contain language stating that a CRD certificate should be issued "upon conviction," indicating that the Legislature did not intend for a CRD to be considered "part of the final adjudication of the criminal action" (compare People v Nieves, 2 NY3d 310, 314-315 [2004] [orders of protection, entered "[u]pon conviction," are part of the "final adjudication" and may be challenged in an appeal from the judgment of conviction]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 27, 2026